## *In re* CAMPBELL.

1. CRIMINAL LAW—INDETERMINATE SENTENCES—FIXING MAXIMUM SENTENCE.

Under the indeterminate sentence law of 1903 (Act No. 136), the court is not required to fix the maximum sentence where the statute fixes the maximum term of imprisonment for the crime at a certain number of years.

2. SAME—STATUTES—REPEAL.

The determinate sentence law is repealed by the indeterminate sentence law of 1903 (Act No. 136), repealing in section 10 all acts and parts of acts inconsistent with it.

3. SAME—CONSTITUTIONAL LAW.

The constitutional amendment (Pub. Acts 1903, p. 452) expressly authorizing the enactment of an indeterminate sentence law authorizes Act No. 136, § 1, providing for sentences fixing no maximum term of imprisonment.

Habeas corpus proceedings by Mary Campbell to obtain her release from imprisonment in the Detroit house of correction. Submitted December 14, 1904. (Calendar No. 20,827.) Petitioner remanded December 22, 1904.

*John W. McGrath*, for petitioner.

*Charles A. Blair*, Attorney General (*George S. Law*, of counsel), for respondent superintendent.

CARPENTER, J. January 5, 1904, petitioner was convicted of the crime of larceny in the circuit court for the county of Clinton. She was sentenced to confinement in the Detroit house of correction for a period "not less than one year." No maximum term of imprisonment was fixed by the court pronouncing sentence. The minimum term fixed by the court having expired if petitioner receives allowance for good time, she demands her release upon the ground that her further detention is illegal, because the court failed to fix any maximum term of imprisonment.

Petitioner's right to be discharged is based on the contention that it was the duty of the court, in sentencing her, to fix a maximum term for her imprisonment. The correctness of this contention depends upon the proper construction of section 1, Act No. 136 (the indeterminate sentence act) of the Public Acts of 1903, which reads as follows:

"Every sentence to the State prison at Jackson, to the Michigan reformatory at Ionia, to the State house of correction, and branch of the State prison in the Upper Peninsula, and to the Detroit house of correction, of any person hereafter convicted of a crime, except of a person sentenced for life, or a child under fifteen years of age, shall be an indeterminate sentence as hereinafter provided. The term of imprisonment of any person so convicted and sentenced shall not exceed the maximum term provided by law for the crime for which the prisoner was convicted and sentenced, and no prisoner shall be discharged until after he shall have served at least the minimum term as provided by law for the crime for which he was convicted: *Provided*, that in all cases where the maximum sentence, in the discretion of the court, may be for life or any number of years, the court imposing sentence shall fix the maximum sentence: *Provided, further*, that in all cases where no minimum sentence is fixed by law, the court imposing sentence shall fix such minimum, which minimum shall not be less than six months."

This statute imposes on the trial court the duty and gives it authority to fix the maximum sentence only "in all cases where the maximum sentence, in the discretion of the court, may be for life or any number of years."

Did this authorize or require the trial court to fix a maximum sentence for petitioner?   The law in express terms fixed the maximum term of imprisonment for the crime (larceny) for which petitioner was convicted and sentenced at five years.   See section 11553, 3 Comp. Laws.   If the trial court can or should fix the maximum sentence in this case, he must fix it in every case where the law fixes a maximum term of imprisonment, and gives him discretion to lessen that term.   In short, under that construction, it is the duty of the trial court to fix a maximum sentence in nearly every case in which he sentences a convict.

What is meant by "cases where the maximum sentence, in the discretion of the court, may be for life or any number of years?"   Does it mean all cases where a court has authority to sentence for a less period of time than a definite number of years, which the statute in express terms says shall be the maximum?   If it does, the proviso, which it may be presumed extends to only a part of the instances within the statute, embraces substantially all of them.   If it does, the trial judge, by prescribing a very low maximum, may totally deprive the governor, pardon board, and board of control of the opportunity to exercise the discretion which the statute intended to give them.   If it does, then the trial judge, in cases where he can fix the minimum—as in larceny—may, by increasing the minimum and reducing the maximum, make a determinate sentence, and thus frustrate the legislative purpose in enacting the indeterminate sentence law.   If the legislature intended to require the judge to fix a maximum term of imprisonment in substantially all cases, it would not have said, as it did in section 6 of the act, that a prisoner violating the conditions of his parol shall "serve out the unexpired portion of his maximum possible imprisonment." In that case it would have been more appropriate and much easier to have said "maximum imprisonment."

Moreover, "cases where the maximum sentence, in the discretion of the court, may be for life or any number of

years," is not an appropriate description of a case in which the law fixes the maximum sentence at a definite number of years. In this latter case the maximum is fixed by law, and the court never had power to impose a life sentence, or any sentence in excess of five years. The language of the statute under consideration does describe with precision a class of cases where it may well be said that the statute has fixed no maximum, but has given a discretion to the court to determine whether that maximum shall be imprisonment for life or any term of years; as, for instance, murder of the second degree, which "shall be punished by imprisonment in the State prison for life or any term of years in the discretion of the court trying the same" (see section 11471, 3 Comp. Laws), and rape, which "shall be punished by imprisonment in the State prison for life or for any such period as the court in its discretion shall direct" (see section 11489, 3 Comp. Laws). In our judgment, the language now under consideration refers to cases of this character, and therefore it imposed no duty upon the trial judge and gave him no authority to fix a maximum term in sentencing petitioner.

It is also urged that the words "provided by law," in the following sentence found in said section, that "the term of imprisonment of any person so convicted and sentenced shall not exceed the maximum term provided by law for the crime for which the person was convicted and sentenced," means, not provided by statute law, but fixed in the sentence. Language substantially identical to this was contained in the indeterminate sentence law of 1889 (Pub. Acts 1889, Act No. 228), which this court held unconstitutional in *People* v. *Cummings*, 88 Mich. 249. The entire court (see opinion of court, page 253, opinion of Justice GRANT, page 264), while differing upon other questions, agreed that this language referred to the maximum fixed by the statute. It is true that section 1 of that act differs from section 1 of the act now under consideration in this: That section of the unconstitutional act did not contain the proviso requiring the court to fix a maxi-

mum sentence" in all cases where the maximum sentence, in the discretion of the court, may be for life or any number of years." This proviso, which points out certain instances in which the maximum must be fixed, makes it clear that in other cases it need not be fixed, and therefore strengthens the argument that "provided by law," in the sentence now under consideration means "provided by statute."

Petitioner insists that the presumption against repealing statutes by implication requires us to hold that, notwithstanding the enactment of the indeterminate sentence law, the old statute continued in force so far as to make it the duty of the circuit judge in sentencing petitioner to fix a maximum sentence. When the indeterminate sentence act was passed there was no law which made it the duty of a circuit judge to fix either a maximum or minimum sentence. It is true that the law then in force required him to fix a determinate sentence. If, therefore, there is any old law which, notwithstanding the enactment of the indeterminate sentence act, requires a circuit judge to fix a maximum term of imprisonment, it is the law which required him to fix a determinate sentence. The argument then under consideration is this: That, notwithstanding the passage of the indeterminate sentence law, the determinate sentence law is partly in force. It is a complete answer to this argument to say that that law is clearly in conflict with the provisions of the indeterminate sentence law, and section 10 of that law (Pub. Acts 1903, Act No. 136) provides that "all acts and parts of acts in conflict with the provisions of this act are hereby repealed."

Petitioner also urges that, as thus construed, the indeterminate sentence law is unconstitutional, because the "imposition of a sentence is a judicial act, and the exercise of discretion relative to the term of imprisonment is a judicial function," which, under our Constitution, can be exercised only by certain specified courts. This argument assails the constitutionality of characteristic and essential features of the indeterminate sentence law. We must

hold that the constitutional amendment (see Pub. Acts. 1903, p. 452) which gave the legislature express authority to enact such a law gave it authority to enact a law containing these features.

It results from these views that the writ must be dismissed, and the petitioner remanded.

The other Justices concurred.