*In re* RICHARDS.

1. CRIMINAL LAW—INDETERMINATE SENTENCE—VALIDITY—FIXING
   MAXIMUM.

   Where, in sentencing a person convicted under section 11483, 3
   Comp. Laws, of assault with intent to kill and murder, the
   penalty for which is imprisonment for life or any term of
   years, the court follows the form of sentence provided by sec-
   tion 1, Act No. 184, Pub. Acts 1905, instead of the form pro-
   vided by section 3, and *recommends* a maximum term instead
   of *fixing* it, the sentence must be construed as fixing the maxi-
   mum term at the number of years recommended, and is not,
   therefore, a nullity justifying another sentence.

2. SAME—INDETERMINATE SENTENCE—FIXING MAXIMUM—DUTY OF
   COURT.

   A person convicted of a crime, the penalty for which is im-
   prisonment for life or any term of years, is entitled, under
   section 3, Act No. 184, Pub. Acts 1905, to have the decision of
   the judge upon the maximum of his imprisonment and a
   minimum fixed which shall not exceed half of such maximum,
   and a sentence which fixes a maximum, and a minimum in
   excess of one-half of such maximum, is invalid as to such
   excess.

3. SAME—SENTENCE—RESENTENCE—VALIDITY.

   A trial court cannot set aside a valid sentence and impose a
   new and different one after the prisoner has been remanded
   to jail to await the execution of his sentence.

4. SAME—SENTENCE—COMMITMENT—NECESSITY.

   Where, after a prisoner had been legally sentenced and re-
   manded to jail to await the execution of his sentence, the
   court erroneously undertook to vacate the sentence and im-
   pose another, upon which a commitment issued and the pris-
   oner was confined in prison, this court upon habeas corpus will
   not order the discharge of the prisoner for want of a valid
   commitment, but he will be remanded to the custody of the
   superintendent of the prison in order that the court may
   correct its record and issue a proper commitment.

Habeas corpus proceedings by William J. Richards to

obtain his release from the Detroit house of correction.
Submitted November 12, 1907.   (Calendar No. 22,539.)
Writ denied December 10, 1907.

*Thomas O'Hara*, for petitioner.

*John E. Bird*, Attorney General ( *George S. Law*, of
counsel ), for respondent.

HOOKER, J. The petitioner was convicted of assault
with intent to kill and murder, and on the 14th day of
June, 1906, he was sentenced by the recorder's court of
Detroit in the following language, "is sentenced by the
court, he being now of the age of twenty-five years, to be
committed to the Detroit house of correction for a term
of not less than six years, and the court recommends
that the maximum term be not more than seven years from
and including this day." On June 20, 1906, and during
the same term of court, and before the issue of a commit-
ment, an order was made in open court setting aside the
sentence of June 14, and a sentence was then imposed,
reciting his age, and directing that he be "committed to
the Detroit house of correction and therein confined, for
a term of not less than six years, and the maximum sen-
tence be not more than twelve years at hard labor, from
and including this date." On June 23, he was commit-
ted to the Detroit house of correction under the latter sen-
tence and he is there now. No other commitment ever
issued in the cause.

He asks a discharge on habeas corpus upon the ground
that the court had no jurisdiction to impose the second
sentence and that the commitment was therefore void.
The foregoing facts are shown by the return of the re-
corder to the ancillary writ of certiorari. This return also
shows that upon July 25, 1907, the following order was
entered:

"At a session of the recorder's court of the city of De-
troit, held in and for said city, at the court-room of said

court, on Thursday the 25th day of July in the year of our Lord 1907.

"Present: Hon. James Phelan, recorder of the city of Detroit, and Hon. William F. Conolly, judge of the recorder's court of the city of Detroit.

"The People                                    •
          v.
"William J. Richards:

"Heretofore convicted of an assault with intent to kill and murder, and sentenced on June 20, 1906, to a term of not less than six years, and not more than twelve years, at the Detroit house of correction.

"After an examination of the minutes of the proceedings in the above entitled cause, it nowhere appearing of record that the sentence imposed on the above named defendant on June 14, 1906, to serve a term of not less than six years and not more than seven years in the Detroit house of correction, was heretofore vacated and set aside: It is now ordered that an order be entered vacating and setting aside the sentence imposed on the above named defendant on June 14, 1906; that the record may show that the defendant is not now serving under a double sentence, and that no mittimus was issued on said sentence of June 14, 1906, but was withheld by order of the court, and that no commitment was issued for this defendant on the Detroit house of correction, other than that bearing date of June 20, 1906.

"JAMES PHELAN,
" Recorder of the City of Detroit."

The indeterminate sentence act (Act No. 184, Pub. Acts 1905, §§ 1–3) provides:

"SECTION 1. The court imposing sentence, shall not fix a definite term of imprisonment, but shall fix a minimum term of imprisonment which shall not be less than six months in any case. The maximum penalty provided by law shall be the maximum sentence in all cases except as herein provided and shall be stated by the judge in passing sentence. The judge shall at the time of pronouncing such sentence recommend and state therein what, in his judgment, would be a proper maximum penalty in the case at bar not exceeding the maximum penalty provided by law.  *  *  *

"SEC. 2. The maximum term of imprisonment shall not exceed the longest term fixed by law for the punish-

ment of the offense of which the person sentenced is convicted, and the minimum term of imprisonment fixed by the court shall not exceed one-half of the maximum term of imprisonment fixed by statute.   *   *   *

"Sec. 3. The provisions of this act shall not apply to any person convicted of an offense the only punishment for which prescribed by law is imprisonment in one of the penal institutions named for life: *Provided,* That in all cases where the maximum sentence, in the discretion of the court, may be for life or any number of years, the court imposing sentence shall fix both the minimum and maximum sentence. The minimum term of imprisonment thus fixed by the court shall not exceed one-half of the maximum term so fixed."

The language of the first quotation may be open to the construction that the recommendation as to the maximum period does not limit the period of confinement, while under the last the fixing of a maximum, in a case where the penalty prescribed is imprisonment for life or any number of years, precludes imprisonment beyond the limit of the maximum.

The first sentence did not conform to the law because the maximum *recommended* was less than double the minimum *fixed*, or, as counsel for petitioner would probably prefer to state it, because the minimum *fixed* was more than half the maximum period *recommended*. If the language used can be construed as a "fixing" of the maximum period, although in the form of a recommendation, the earlier sentence can be sustained to the extent of at least one-half of the maximum, under a liberal, but, we think, reasonable, construction of the statute, 3 Comp. Laws, § 11984, or perhaps a resentence permitted under the rule of *People* v. *Farrell*, 146 Mich. 264, if the statute should be considered inapplicable. Had his original sentence *recommended* a maximum of twelve years and a minimum of six, we would think it technical to say that the sentence was void, merely because he *recommended* instead of *fixing* the maximum, the effect of which, under section 3, would necessarily be the same, viz., to place a limit upon the term, which might not be

true were section 1 applicable. We are of the opinion, therefore, that the recommendation in the first sentence should be treated as a "fixing," i. e., a determination of the maximum period for which the petitioner could be confined, and although it bore the form of a recommendation merely, that it cannot be treated as surplusage and therefore a nullity, justifying another sentence.

The prisoner was entitled to have the decision of the judge upon the maximum, and a minimum fixed which should not exceed half of it, not a minimum fixed, and a maximum which should not be less than double the minimum. Such is the language of the statute, Act No. 184, Pub. Acts 1905, § 3. Section 2 provides that the minimum shall not exceed one-half of the maximum penalty prescribed by law, while section 3 prohibits an excess over one-half of the maximum fixed, i. e., prescribed by the court. By this construction we preserve the harmony between the two provisions, between which there is an evident analogy. The court did determine the maximum penalty, and while we may well believe (especially in view of his subsequent change of sentence) that he did it believing that it was not conclusive upon the governor or pardon board, it must be governed by the same rule that would apply had the maximum fixed been double the minimum.

The statute prescribing the penalty for the offense of which the petitioner was convicted reads as follows:

" (11483) SEC. 14. If any person shall assault another with intent to commit the crime of murder, every such offender shall be punished by imprisonment in the State prison for life, or any number of years."

The first sentence is not in excess of this statute, standing alone, but by fixing the maximum penalty at seven years the court established the lawful extent of the minimum, under the indeterminate act, as effectively as though it had been so fixed in section 11483, as the extent of the penalty for such offense.

The minimum prescribed, therefore, was in excess of the lawful penalty. Section 11984 provides that a sentence in excess of the lawful penalty shall not be adjudged altogether void, but shall be *valid and effectual* to the extent of the lawful penalty. The first sentence was therefore valid as a sentence for a minimum of three and one-half and a maximum of seven years.

The effect of subsequent proceedings. The later proceedings were apparently an attempt by the recorder to vacate a sentence not altogether void, but valid in part, and to substitute another and heavier one for it. We have held that a trial court cannot set aside a valid sentence and impose a new and different one, after the defendant has been remanded to jail to await the execution of the sentence. *People* v. *Meservey*, 76 Mich. 223; *People* v. *Kelley*, 79 Mich. 320.

This being a valid sentence for three and one-half years, the most that the court could do, under these decisions, was to correct the record by making it show a minimum of three and one-half years. Instead thereof, he undertook to vacate it and impose another and greater penalty, which he had not lawful authority to do, and that order and the commitment issued upon it were void, and must be so treated. Under the circumstances, we should not discharge the petitioner merely for the want of a valid written commitment, when it appears, by his own showing, that he was remanded, after sentence, to the custody of the jailer, probably by an oral order made in open court that his punishment might be inflicted. It would be proper for the recorder to enter an order nunc pro tunc correcting the sentence of June 20 to conform to this opinion, and to issue as of that or a later date a proper commitment. The relief prayed is denied and the prisoner will be remanded to the custody of the respondent.

MCALVAY, C. J., and CARPENTER, GRANT, and MOORE, JJ., concurred.