*In re* HAMILTON.

1. CRIMINAL LAW—COMMITMENT—LIFE TERM—STATUTES — JUDG-MENT—INDETERMINATE SENTENCE.

Under a sentence that the accused be confined in prison for a period of not less than ten years, the court recommending imprisonment for life, the order should be construed as fixing a maximum term of ten years, and the minimum be held to be fixed by statute at five years, the court clearly intending that his sentence should not be conclusive on the governor or pardon board: hence the accused was not entitled to his discharge because of the irregularity of the sentence or commitment. Act No. 184, Pub. Acts 1905, § 3.

2. SAME—INDETERMINATE SENTENCE.

As it is impossible to fix a minimum sentence, in the case of life imprisonment, that would equal one-half of the maximum term, there can be no minimum sentence as to life prisoners, to comply with the proviso in section 3 of the statute.

Habeas corpus by George E. Hamilton to determine the validity of a sentence and imprisonment imposed on the petitioner. Submitted June 26, 1915. (Calendar No. 26,765.) Decided October 29, 1915.

*Edwin H. Lyon*, for petitioner.

*Grant Fellows*, Attorney General, and *Samuel D. Pepper*, Assistant Attorney General, for respondent.

OSTRANDER, J. Petitioner is imprisoned. He can be held by the warden only by virtue of a lawful commitment. There was a commitment, and it appears to be agreed that it follows the judgment pronounced by the court. The judgment is:

"That the said George E. Hamilton be confined in the State House of Correction and Branch of the State Prison in the Upper Peninsula, Marquette, Mich., at hard labor, for a period of not less than ten years from and including this day, and the judge thereupon did recommend and state that, in his judgment, the proper maximum penalty would be the term of his natural life as fixed by the statute."

This was November 25, 1908.

The statute punishment of the crime for committing which petitioner was convicted is life or any number of years. In a consideration of all of the provisions of the statutes, including the indeterminate sentence law, we held in *People* v. *Vitali*, 156 Mich. 370 (120 N. W. 1003), that a judgment that the respondent be imprisoned for life was good; the statute punishment in that case, as in this, being life or any term of years, in the discretion of the court. The question presented in *Vitali's Case* was whether the judgment was bad in view of the provisions of the indeterminate sentence law; it being contended that a life sentence could not be imposed, but only a sentence for a term of years.

We said that the proviso to section 3 of the indeterminate sentence law should be construed as if it read:

"Provided, that in all cases where the maximum sentence in the discretion of the court may be life or any number of years, the court having in its discretion imposed a sentence for a term of years shall fix both the maximum and minimum sentences."

We said, also, and were obliged to say, to support the judgment, that "there could be no minimum sentence in case the life sentence were given," because the proviso which was in question there and here is that:

"In all cases where the maximum sentence, in the discretion of the court, may be for life or any number of years, the court imposing sentence shall fix both the minimum and maximum sentences. The minimum term of imprisonment thus fixed by the court shall not exceed one-half of the maximum term so fixed."

It is obvious that no minimum term of imprisonment can be fixed which shall be one-half of a life term, and that therefore "there could be no minimum sentence in case the life sentence were given."

In *People* v. *Dumas,* 161 Mich. 45 (125 N. W. 766), the sentence was for life, and, following *People* v. *Vitali,* it was held a good judgment. It is therefore manifest that, if in the case at bar the sentence had been for the life of petitioner, it would have been a good sentence in law, and we are confronted with the question: Was it the judgment of the court, as shown by its record, that petitioner be imprisoned for life? To this question I think but one reasonable answer can be given. We cannot hold the recommendation of the court as the sentence, and ignore the positive language of the judgment fixing a period of imprisonment of not less than ten years. I think it is plain that the court intended to give, and attempted to give, a judgment which would permit the operation upon the judgment of the indeterminate sentence law—a judgment which would permit the paroling or dis-

charge of petitioner at any period after ten years. This court cannot impose a proper sentence nor amend or modify the sentence which was imposed. It can only determine whether petitioner is now lawfully imprisoned, in view of the judgment and commitment.

In *Re Richards*, 150 Mich. 421 (114 N. W. 348), respondent had been convicted of an offense for which the punishment fixed was like the one fixed in the case at bar. The judgment was that he be committed for a term of not less than six years, "and the court recommended that the maximum term be not more than seven years." Later a new judgment was entered which, following the statute, imposed a term of imprisonment of not less than six years, with a maximum of twelve years. Plainly, the trial judge intended to impose not a life sentence in any event, but a term of years. We held the second judgment unwarranted, but refused to discharge because the commitment followed the second judgment, holding that the first sentence could be sustained, and a new commitment in conformity therewith could be issued. We said:

"The prisoner was entitled to have the decision of the judge upon the maximum, and a minimum fixed which should not exceed half of it, not a minimum fixed, and a maximum which should not be less than double the minimum. Such is the language of the statute. Act No. 184, Pub. Acts 1905, § 3. Section 2 provides that the minimum shall not exceed one-half of the maximum penalty prescribed by law, while section 3 prohibits an excess over one-half of the maximum fixed—*i. e.*, prescribed by the court. By this construction we preserve the harmony between the two provisions, between which there is an evident analogy. The court did determine the maximum penalty, and while we may well believe (especially in view of his subsequent change of sentence) that he did it believing that it was not conclusive upon the governor or pardon board, it must be governed by the same rule that would apply had the maximum fixed been double the minimum."

In sustaining the first judgment we held the recommendation of a maximum of seven years equivalent to the fixing of a term of seven years; we supplied, or the statute supplied, the minimum of three and one-half years. But we were dealing not with a case in which a life sentence was intended, or in any manner indicated, by the judgment.

In the case at bar the only sentence is one for ten years. It is the maximum and the minimum term fixed by the judgment. It was plainly not intended by the trial judge that the sentence should be conclusive upon the governor or pardon board. I am of opinion, therefore, that the judgment and commitment may be sustained as imposing a maximum sentence of ten years; the statute supplying the minimum of five years. In this view of the matter the prisoner must be remanded. Consult the earlier forms of the statute and the reasoning in *Re Cummins*, 138 Mich. 39 (100 N. W. 1008), and *In re Campbell*, 138 Mich. 597 (101 N. W. 826).

BROOKE, C. J., and KUHN, STONE, BIRD, MOORE, and STEERE, JJ., concurred.

The late Justice MCALVAY took no part in this decision.