PEOPLE v PFEIFFER

Docket No. 161109. Submitted March 8, 1994, at Detroit. Decided
October 3, 1994, at 9:25 A.M. Leave to appeal denied, 448 Mich
—.

Michael J. Pfeiffer pleaded guilty in the Recorder's Court for the
City of Detroit, David P. Kerwin, J., of two counts of first-
degree criminal sexual conduct in exchange for the dismissal of
a third count. The court, without objection by the prosecutor,
sentenced the defendant to ten to twenty years in prison after
considering a presentence investigation report that included a
statement by the six-year-old victim's parent regarding the
effect that the crime had had on the victim and the family.
After the defendant began serving his sentence, the prosecutor
filed a motion for resentencing, alleging that, because of the
prosecutor's error in informing them that the sentencing would
not be held on the date scheduled, the victim's family had been
denied their statutory right to be present and address the court
at the sentencing, as provided in MCL 780.765; MSA
28.1287(765). The court issued a writ of habeas corpus and the
defendant was brought before the court. The victim's mother
addressed the court, and the court resentenced the defendant to
fifteen to thirty years in prison. The defendant appealed.

The Court of Appeals *held:*

The trial court erred in resentencing the defendant. The
second sentence must be set aside and the original sentence
reinstated.

1. A trial court may not modify a valid sentence after it has
been imposed except as provided by law. The absence of the
victim's family at the sentencing and their resultant inability
to address the court did not render the original sentence
invalid.

2. A failure to permit a defendant or an attorney for the
defendant to address the court before the sentencing entitles

REFERENCES

Am Jur 2d, Criminal Law §§ 527, 531, 580.

Necessity and sufficiency of question to defendant as to whether he
has anything to say why sentence should not be pronounced
against him. 96 ALR2d 1292.

the defendant to move for resentencing on the ground of an invalid sentence. A failure to afford the victim the same opportunity does not invalidate the sentence because the defendant may not seek resentencing on the ground that the victim was not given the opportunity to address the court.

3. Although the prosecutor's error prevented the family's presence at the first sentencing and impinged on their statutory rights, their absence did not deprive the court of the victim impact information necessary for conscientious and informed decision making based on adequate and accurate information.

4. The prosecutor's failure to provide the family correct information, a violation of the prosecutor's duty under MCL 780.763(1)(g); MSA 28.1287(763)(1)(g), does not subject the defendant to resentencing.

Reversed.

1. CRIMINAL LAW — SENTENCING — RESENTENCING — INVALID SENTENCES.

A trial court may not modify a valid sentence after it has been imposed except as provided by law; an invalid sentence refers to any error or defect in the sentence or the sentencing procedure that entitles a defendant to be resentenced or to have the sentence changed (MCR 6.429[A]).

2. CRIMINAL LAW — SENTENCING — CRIME VICTIM'S RIGHTS ACT — INVALID SENTENCES.

A defendant may not seek to have a sentence set aside on the ground that the victim was not provided rights set forth in the Crime Victim's Rights Act; therefore, while a failure to permit a defendant or an attorney for the defendant to address the court before the sentencing entitles the defendant to move for resentencing on the ground of an invalid sentence, a failure to afford the victim the same opportunity does not invalidate the sentence and entitle the defendant to resentencing (MCR 6.429[A]; MCL 780.765; MSA 28.1287[765]).

3. PROSECUTING ATTORNEYS — SENTENCING PROCEEDINGS — DUTY TO INFORM VICTIMS — CRIME VICTIM'S RIGHTS ACT.

The Crime Victim's Rights Act imposes a duty on the prosecution to inform the victim of a defendant's conduct of the time and place of the defendant's sentencing proceeding (MCL 780.763[1] [g]; MSA 28.1287[763][1][g]).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *John D. O'Hair,* Prosecut-

ing Attorney, *Timothy A. Baughman,* Chief of Research, Training, and Appeals, and *Jeffrey Caminsky,* Assistant Prosecuting Attorney, for the people.

*Frederick M. Finn,* for the defendant on appeal.

Before: White, P.J., and Michael J. Kelly and W. J. Caprathe,* JJ.

White, P.J. The question is whether the sentencing court erred in resentencing defendant, who had begun serving his original ten- to twenty-year sentence, in response to the prosecutor's motion for resentencing on the ground that the victim's family was unable to address the court under § 15 of the Crime Victim's Rights Act, MCL 780.765; MSA 28.1287(765), because the family was not present at the sentencing due to the prosecutor's misunderstanding regarding the sentencing date. We hold that under the circumstances of this case, defendant's second sentence of fifteen to thirty years must be set aside and his original sentence reinstated.

Defendant pleaded guilty to two counts of first-degree criminal sexual conduct, MCL 750.520b(1) (a); MSA 28.788(2)(1)(a), in exchange for dismissal of a third count. A presentence investigation report (PSIR) was prepared and a sentencing hearing was held. The PSIR included a statement by the minor victim's parent regarding the effect on the minor and the family. However, the family was not present at the hearing. Defense counsel requested a minimum sentence of five years, citing defendant's alcohol abuse as a contributing and mitigating factor. The prosecutor who was present at the sentencing focused on the heinous nature of

---

* Circuit judge, sitting on the Court of Appeals by assignment.

the offense, involving anal penetration of a six-year-old, and discussed the traumatizing effect on the entire family. The court, noting the assaultive nature of the offense and the age of the victim, sentenced defendant to ten to twenty years in prison, which was within the guidelines recommended range of eight to twenty years. A judgment of sentence and a commitment to the Department of Corrections was entered on November 16, 1992, and defendant was committed to the jurisdiction of the Department of Corrections and was transferred to the State Prison for Southern Michigan (Jackson) Reception Center.

On November 30, 1992, the prosecutor assigned to the case filed a motion for resentencing on the basis that the victim's family had been denied their rights under MCL 780.765; MSA 28.1287(765) to be present and address the court. The motion acknowledged that the sentencing had been duly scheduled for November 16, 1992, but asserted that the prosecutor, concerned that the psychological evaluation would not be ready before the scheduled sentencing date, attempted to ascertain from the court clerk when the sentencing would take place, but the clerk was unavailable. The prosecutor then called the Recorder's Court Clinic and was informed that defendant was not scheduled to be seen until November 24, and that the court clerk had been told to adjourn the sentencing. The prosecutor attempted to contact the court clerk for a new date. Although she did not successfully do so, she advised the victim's family that the sentencing would not go forward on the scheduled date. The prosecutor learned two days after the sentencing that the sentencing had gone forward as scheduled, without the psychological evaluation.

As a result of the motion for resentencing, defendant was brought before the sentencing court

on a writ of habeas corpus on December 16, 1992, one month after the sentencing. The victim's mother addressed the court, and the court, moved by the mother's statement, resentenced defendant to fifteen to thirty years in prison.[1] From this second sentence, defendant now appeals as of right.

Our Supreme Court has repeatedly held that a trial court may not modify a valid sentence after it has been imposed except as provided by law. MCR 6.429(A); *In re Dana Jenkins,* 438 Mich 364, 368-370; 475 NW2d 279 (1991); *People v Barfield,* 411 Mich 700; 311 NW2d 724 (1981); *People v Whalen,* 412 Mich 166; 312 NW2d 638 (1981); *In re Richards,* 150 Mich 421; 114 NW 348 (1907); *People v Meservey,* 76 Mich 223; 42 NW 1133 (1889). The question is whether the absence of the victim's family at the sentencing and their resultant inability to address the court renders the original sentence invalid so as to justify resentencing on that ground on the prosecutor's motion. We conclude that it does not.

MCR 6.425(D)(2)(c) states that at the sentencing, the court must

> give the defendant, the defendant's lawyer, the prosecutor, and the victim an opportunity to advise the court of any circumstances they believe the court should consider in imposing sentence[.]

Prior court rules contained the additional provision that

> [a] failure to comply with the provisions of this subrule, *other than a failure to afford the victim an opportunity to address the court,* shall require

---

[1] It appears this sentence also was imposed without the benefit of the psychological evaluation.

resentencing. [Former MCR 6.101(G). Emphasis added.]

The Staff Comments to the prior rule note that the rule is consistent with MCL 780.774; MSA 28.1287(774),[2] which provides that a defendant may not seek to have a sentence set aside on the ground that a victim was not provided rights set forth in the Crime Victim's Rights Act, MCL 780.751 *et seq.*; MSA 28.1287(751) *et seq.* See also *People v Smith,* 180 Mich App 622, 624; 447 NW2d 847 (1989). As written, however, the prior rule did not limit the exception's applicability to attempts by a defendant, as opposed to a prosecutor, to obtain resentencing on this ground.

There is no parallel to this provision regarding resentencing for failure to comply with the rule in the more recent versions of the court rules. Nor is there any explanation in the Staff Comments for its absence, other than the observation that a defendant's right to resentencing will depend on the nature of the noncompliance and must be determined by reference to case law or the facts of the individual case. Relying on this silence, and also on the Supreme Court's statement in *Whalen, supra* at 170, that the Court has held invalid sentences that do not comply with essential procedural requirements, the prosecutor urges that the failure to afford the victim an opportunity to address the court at the sentencing is as grave an error as the failure to allow the defendant or his counsel to do so, at least when it is the victim complaining of that failure, and renders the sen-

---

[2] That section reads:

> The failure to provide a right, privilege, or notice to a victim under this article shall not be grounds for the defendant to seek to have the conviction or sentence set aside. [MCL 780.774; MSA 28.1287(774).]

tence invalid and the defendant subject to resentencing.

We disagree. First, as defendant correctly observes, the Crime Victims's Rights Act does not purport to confer general remedial rights on victims or prosecutors, and has therefore not provided the necessary legal exception to the rule that a court may not modify a valid sentence. While it can be argued that the statement in MCL 780.774; MSA 28.1287(774) that "[t]he failure to provide a right, privilege, or notice to a victim under this article shall not be grounds for the defendant to seek to have the conviction or sentence set aside," means that a victim may seek such relief, we conclude that the provision is intended to forestall any effort by a defendant to seek resentencing on this basis, and is not intended to address a victim's right to seek resentencing, or to create such a right where no such right previously existed.

Second, MCR 6.429(A) states:

> Authority to Modify Sentence. The court may correct an invalid sentence, but the court may not modify a valid sentence after it has been imposed except as provided by law.

The Staff Note following MCR 6.429, while emphasizing that a court may correct an invalid sentence after it has been imposed, states:

> "Invalid sentence" refers to any error or defect in the sentence or sentencing procedure that entitles *a defendant* to be resentenced or to have the sentence changed. [Emphasis added.]

Thus, while a failure to permit a defendant or his attorney to address the court before the sentencing entitles the defendant to move for resentencing on

the ground of an invalid sentence, *Whalen, supra,* a failure to afford the victim the same opportunity does not invalidate the sentence because such a failure would not entitle the defendant to seek resentencing.

The prosecutor further relies on a statement in *Jenkins, supra* at 370:

> In the current legal culture, the trial judge must bring to bear at the moment of sentencing all the knowledge, experience, and ability available, because the decision made at that moment will be that judge's ultimate ruling. The sentencing process is carefully designed to ensure conscientious and informed decision making as of that moment. Every effort is made to ensure that the judge has adequate and accurate information upon which to base the sentencing decision. Sentencing occurs only after the defendant, the defendant's attorney, the prosecutor, and the *victims* have all had the opportunity to present their views to the court. MCR 6.425. . . . The current system encourages the judge to thoughtfully consider *every* factor before sentencing the defendant. [Emphasis by prosecutor.]

We observe, however, that while the statement of the victim's mother to the court clearly had a powerful effect, a similar statement concerning the traumatizing effect defendant's crimes had on the entire family was before the court at the time of the first sentencing, and was referred to by the prosecutor in his argument to the court.[3] Thus, while the communication error that prevented the presence of the victim's family at the first sentencing impinged on their statutory rights, it cannot

[3] We recognize that a victim's right to address the court under MCL 780.765; MSA 28.1287(765) is distinct from the right under MCL 780.764; MSA 28.1287(764) to contribute an impact statement to the PSIR.

be said that their absence deprived the court of the victim impact information necessary for "conscientious and informed decision making" based on "adequate and accurate information." *Jenkins, supra.*

Lastly, in seeking resentencing, the prosecutor effectively acknowledged that the family did not receive notice because the prosecutor made certain assumptions regarding the sentencing date. The prosecutor relied on information obtained from the Recorder's Court Clinic rather than from the court itself. The prosecutor handling the sentencing proceeding did not object to the sentencing going forward as scheduled. The prosecutor presented argument, including reference to the victim impact statement. No objection was made until after the court imposed a sentence and defendant actually began serving the sentence. While we have no reason to believe, and do not imply, that there was any manipulation by the prosecutor in this case, there would be enormous potential for manipulation in future cases if this Court were to conclude that resentencing is permissible under these circumstances. A prosecutor might take one bite of the apple based on the PSIR, and, if displeased with the sentence, try again with the victim's live statement to the court. Moreover, in order to assure the finality of the sentence imposed, a defendant would have to affirmatively establish that the victim had been duly notified of the sentencing date, notwithstanding that such notification is beyond a defendant's control.

We also note that while the prosecutor's providing incorrect information to the family may have effectively denied them their right to appear and make an oral impact statement at the sentencing, they were not directly deprived of this right—no one forbade them from appearing, or refused to

permit them to make an oral impact statement. In reality, it was § 13(1)(g) of the statute, MCL 780.763(1)(g); MSA 28.1287(763)(1)(g), that was not complied with. That section imposes a duty on the *prosecutor,* not the court, to inform the victim of the time and place of the sentencing proceeding. While the prosecutor's failure may have been understandable, it should not subject the defendant to resentencing. We hold that under the circumstances of this case, where the inability of the victim's family to address the court was due to the prosecutor's providing incorrect information regarding the sentencing date to the victim's family, where the court had a victim impact statement in the PSIR, and where the sentencing went forward as scheduled without objection by the prosecutor, the sentence was not invalid, and, therefore, the court was without jurisdiction to resentence.

Reversed.