*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ALBERT LAMAR WILLIAMS,

        Defendant-Appellant.

UNPUBLISHED
June 9, 2022

No. 356757
Kent Circuit Court
LC No. 17-009948-FC

Before: BORRELLO, P.J., and JANSEN and MURRAY, JJ.

PER CURIAM.

Defendant appeals as of right his resentencing after remand for his convictions of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(1)(a) (victim under 13, defendant over 17), and second-degree criminal sexual conduct (CSC-II), MCL 750.520c(1)(a) (victim under 13, defendant over 17), following a bench trial. We vacate the trial court's judgment of resentencing and remand for further proceedings consistent with this opinion.

In defendant's first appeal, this Court provided:

> This case arises out of the repeated sexual assault of the minor child of defendant's girlfriend in Grand Rapids, Michigan. The victim testified that defendant lived with her and her mother and while in their residence, "would push his private area like where he goes pee into [the victim's] private area where [the victim] goes pee." The victim testified that she did not know "how many times he did it," but she did know that "it was more than one time." The victim further testified that the defendant also "touched this area" (her breasts) more than one time under her clothes. [*People v Williams*, unpublished per curiam opinion of the Court of Appeals, issued July 30, 2020 (Docket No. 348259), p 1 (missing bracket added).]

The trial court originally sentenced defendant as a third-offense habitual offender to consecutive terms of 35 to 50 years' imprisonment for CSC-I and 10 to 50 years' imprisonment for CSC-II.[1] *Id*. at 1, 2. This Court held that the trial court erred by ordering consecutive sentences because it "failed to state any findings regarding whether defendant's criminal actions were arising from the same transaction," and the record was "unclear" whether defendant's actions were part of the same transaction. *Id*. at 4. Further, this Court held that the "trial court abused its discretion by failing to articulate particularized reasons for ordering consecutive sentences." *Id*. at 5. The Court remanded for resentencing, explaining that the holding did not preclude the trial court from imposing consecutive sentencing, but the trial court needed to "do so in accordance with established case law, MCL 750.520b(3), and this opinion." *Id*.

At the resentencing hearing, the prosecution requested that the trial court increase defendant's maximum sentence, but it did not object to concurrent sentences. The prosecution asserted that the victim had provided an updated impact statement that was "heartbreaking." The prosecution argued that defendant's actions would affect the victim for the rest of her life, so the case warranted going "well beyond" the guidelines. The trial court stated that the victim-impact statement provided details regarding issues the victim developed as a result of defendant's crimes.

The trial court explained that this Court remanded the case because the trial court improperly imposed consecutive sentencing, and it had not "articulate[d] a satisfactory reason for deviating from what is considered the norm." The trial court stated that the guidelines accounted for the severe psychological damage to the victim, and it could not articulate a reason to exceed the guidelines. The trial court stated that it was going to resentence defendant to less than the original sentencing, but the new sentence did not reflect that the defendant was less culpable or that the trial court's "sense of outrage" had diminished. The trial court stated that defendant had damaged the victim for the rest of her life. The trial court sentenced defendant to 25 to 60 years' imprisonment for CSC-I and 15 to 30 years' imprisonment for Count II. In reality, this sentence increased defendant's maximum sentence for CSC-I from 50 to 60 years, and increased his minimum sentence for CSC-II from 10 to 15 years. This appeal followed.

Defendant argues that the trial court improperly increased defendant's sentences when this Court remanded for resentencing solely on the basis of the trial court improperly ordering consecutive sentences. We agree.

This Court reviews de novo as a question of statutory interpretation whether a trial court may impose a consecutive sentence. *People v Parker*, 319 Mich App 410, 414; 901 NW2d 632 (2017). To appeal a sentence falling within the sentencing guidelines, a defendant must object at the time of sentencing or in a motion for resentencing. *People v McLaughlin*, 258 Mich App 635, 669-670; 672 NW2d 860 (2003). Defendant did not object to the new sentences in the trial court. Therefore, the issue is unpreserved and reviewed for plain error. *Id*. at 670. Under the plain error rule, a defendant must show that an error occurred, the error was clear or obvious, and the error

---

[1] Although not noted by this Court in its previous opinion, an amended judgment of sentence was entered on March 29, 2019, decreasing the maximum term for defendant's conviction for CSC-II from 50 to 30 years, which will be discussed below.

affects the defendant's substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). The defendant must show that he suffered prejudice, meaning, the error affected the outcome of the trial court proceedings. *Id*. Even when a defendant shows that a plain error has affected his substantial rights, this Court retains discretion in deciding whether to reverse, and will only grant reversal when the plain error resulted in the conviction of an actually innocent defendant or the error significantly affected the "fairness, integrity or public reputation of judicial proceedings[.]" *Id*. at 763-764 (quotation marks and citation omitted).

"[A] trial court may not modify a valid sentence after it has been imposed except as provided by law." *People v Pfeiffer*, 207 Mich App 151, 155; 523 NW2d 640 (1994). See also MCR 6.429(A). "A sentence is invalid when it is beyond statutory limits, when it is based upon constitutionally impermissible grounds, improper assumptions of guilt, a misconception of law, or when it conforms to local sentencing policy rather than individualized facts," or when it is made on the basis of inaccurate information. *People v Miles*, 454 Mich 90, 96; 559 NW2d 299 (1997). When a trial court imposes a sentence that is partially invalid, the sentence "is not to be 'wholly reversed and annulled,' rather [it] is to be set aside only 'in respect to the unlawful excess.' " *People v Thomas*, 447 Mich 390, 393; 523 NW2d 215 (1994), quoting MCL 769.24.

Concurrent sentencing is the norm, and a trial court may only impose consecutive sentences when it is authorized to do so by statute. *People v Brown*, 220 Mich App 680, 682; 560 NW2d 80 (1996). When the Legislature has authorized, but not mandated, consecutive sentencing, the trial court must articulate its rationale for imposing consecutive sentencing. *People v Norfleet*, 317 Mich App 649, 664-665; 897 NW2d 195 (2016). "[E]ach sentence is to be reviewed on its own merits." *Id*. at 663.

Defendant argues that this Court should order the trial court to reduce the maximum term for CSC-I from 60 to 50 years and the minimum term for CSC-II from 15 to 10 years, as the trial court originally imposed. In defendant's previous appeal, this Court ordered "resentencing consistent with this opinion," *Williams*, unpub op at 1, and explained that it was not precluding consecutive sentences, but instead, ordering the trial court to determine whether consecutive sentences were proper "in accordance with established case law, MCL 750.520b(3), and this opinion," *id*. at 5. This Court's opinion did not refer to the actual terms imposed or require reconsideration of those terms. Instead, the Court explained that the trial court had not stated any findings or articulated particularized reasons for ordering consecutive sentences. *Id*. The Court made no determination, nor did defendant or the prosecution raise any issues, regarding the terms of the individual sentences. See MCL 769.24 (validity of excessive sentencing). There is no indication that the trial court improperly relied on inaccurate information when imposing defendant's original sentences. See *Miles*, 454 Mich at 96. Further, the trial court did not articulate a lawful reason for modifying the valid sentences. See *Pfeiffer*, 207 Mich App at 155.

This Court has stated that it is "axiomatic that conversion of concurrent sentences to consecutive sentences will have a significant effect on the length of time a defendant will be incarcerated." *People v Thomas*, 223 Mich App 9, 16; 566 NW2d 13 (1997). Likewise, a change from consecutive to concurrent sentences could significantly impact defendant's incarceration in this case, but conversion from consecutive to concurrent terms does not effectively increase defendant's minimum sentence in the same way, and defendant was not entitled to resentencing because his original, individual sentences were not invalid. See MCR 6.429(A); *Miles*, 454 Mich

at 96; *People v Mapp*, 224 Mich App 431, 433; 569 NW2d 523 (1997). Although the trial court may have sentenced defendant to different terms had it originally planned to sentence defendant to serve concurrent sentences, the trial court plainly erred by changing defendant's valid sentences on remand because the sentences themselves were not invalid. See *Thomas*, 223 Mich App at 16. Once the trial court determined that it would not impose consecutive sentences, the trial court should have corrected the judgment of sentence to reflect concurrent sentences, rather than altering the individual sentences. See *Brown*, 220 Mich App at 685.

Further, defendant notes that the trial court's initial maximum sentence of 50 years' imprisonment for CSC-II was improper because the statutory maximum under MCL 750.520c(2)(a) is 15 years' imprisonment, and his sentencing as a third-offense habitual offender only permitted that sentence to be doubled under MCL 769.11(1)(a). MCL 750.520c(2)(a) provides that CSC-II is punishable "[b]y imprisonment for not more than 15 years." Further, MCL 769.11(1)(a) provides that a trial court may sentence a defendant who is convicted of two or more felonies "to imprisonment for a maximum term that is not more than twice the longest term prescribed by law[.]" However, an amended judgment of sentence was entered on March 29, 2019, properly reducing the maximum term for defendant's conviction of CSC-II from 50 years to 30 years. Therefore, there is no issue with the maximum term of the trial court's sentence on remand for CSC-II.

Vacated and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Stephen L. Borrello
/s/ Kathleen Jansen
/s/ Christopher M. Murray

-4-