# Order

Michigan Supreme Court
Lansing, Michigan

March 29, 2010

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

139701

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

                                SC: 139701
                                COA: 290956
                                Wayne CC: 05-007340-01

TOMAS FELICIANO, a/k/a NELSON FELICIANO
and a/k/a THOMAS FELICIANO,
      Defendant-Appellant.
_____/

      On order of the Court, the application for leave to appeal the August 26, 2009 order of the Court of Appeals is considered and, pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we REMAND this case to the Wayne Circuit Court for entry of an amended Judgment of Sentence. The 15-to-20-year sentences for burning of personal property with a value of $20,000 or more, receiving and concealing stolen property, and disinterment or mutilation of a human body violate the two-thirds rule of *People v Tanner*, 387 Mich 683, 690 (1972); MCL 769.34(2)(b). The minimum term for an indeterminate sentence may not exceed two-thirds of the maximum, even for a third habitual offender. *People v Wright*, 432 Mich 84, 85-86, 88-90 (1989); MCL 769.34(2)(b). When a court imposes an indeterminate sentence that violates this rule, and the maximum sentence is otherwise valid, it is the minimum sentence that must be adjusted because this is the portion of the sentence that is unlawful. *People v Thomas*, 447 Mich 390, 392-394 (1994). Because the statutory maximum, as elevated by the habitual offender statute, MCL 769.11(1)(b), for each of these three offenses is 20 years, the longest minimum sentence defendant could receive is 13 years 4 months. See MCL 750.74(1)(d)(i), MCL 750.535(2)(a), and MCL 750.160. The Judgment of Sentence is to be amended accordingly. In all other respects, leave to appeal is DENIED, because the defendant has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D).

      We do not retain jurisdiction.

      HATHAWAY, J., not participating. Justice Hathaway recuses herself and will not participate in this case as she was the presiding trial court judge. See MCR 2.003(B).



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

March 29, 2010

                                      Clerk

s0322