PEOPLE v DOTSON

Docket No. 55473. Submitted June 10, 1981, at Detroit.—Decided
January 20, 1982. Leave to appeal applied for.

Andy T. Dotson pled guilty to second-degree murder and was
sentenced to life in prison. He subsequently moved for resen-
tencing, alleging that the trial court erroneously considered his
previous conviction at the time of sentencing although he was
not represented by counsel at the time of the previous convic-
tion. Eaton Circuit Court granted the motion and imposed a
new sentence. Thereafter, Richard Robinson, J., notified the
parties to reappear. He informed them that he had made a
mistake in the term of new sentence and imposed a greater,
originally intended sentence. The defendant appeals. *Held:*

1. The record reveals that the trial judge made an honest
mistake in pronouncing sentence, that the sentence subse-
quently pronounced merely corrected the mistake, and that the
final sentence was that which the trial judge at all times
intended to impose.

2. The correction of the defendant's sentence did not violate
the defendant's right against being placed twice in jeopardy or
statutory or case law.

Affirmed.

D. C. Riley, P.J., dissented. She would hold that as a matter
of policy a mistakenly pronounced sentence should not be
increased because of the potential for abuse and the tendency
to undermine the finality of sentencing. She would reverse and
reinstate the sentence imposed following the grant of the
defendant's motion.

OPINION OF THE COURT

1. CRIMINAL LAW — SENTENCING — CORRECTION OF SENTENCES —
DOUBLE JEOPARDY.

A trial court which makes an honest mistake in pronouncing
sentence upon a criminal defendant may correct its mistake
and impose the originally intended sentence; such correction

REFERENCE FOR POINTS IN HEADNOTES
[1-3] 21 Am Jur 2d, Criminal Law §§ 580, 586.

does not constitute a resentencing, nor does it violate the defendant's right against being placed twice in jeopardy.

2. Criminal Law — Sentencing — Resentencing.

Generally, a trial court loses its power to resentence a criminal defendant upon imposing sentence upon the defendant and placing him in the custody of the proper authorities; however, the defendant may be resentenced where the initial sentence does not comply with statutory requirements or was based upon inaccurate information.

Dissent by D. C. Riley, P.J.

3. Criminal Law — Sentencing — Correction of Sentences.

A trial court which makes an honest mistake in pronouncing sentence upon a criminal defendant nevertheless should not be permitted as a matter of policy to correct the mistake and impose the originally intended sentence because of the possibility of abuse and the undermining of the finality of sentencing.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Paul F. Berger,* Prosecuting Attorney, and *C. Sherman Mowbray,* Assistant Prosecuting Attorney, for the people.

*Stiles, Fowler & Tuttle,* for defendant on appeal.

Before: D. C. Riley, P.J., and Cynar and H. R. Gage,* JJ.

Per Curiam. In 1973, defendant pled guilty in Eaton County Circuit Court to a charge of second-degree murder, MCL 750.317; MSA 28.549. He was subsequently sentenced to life imprisonment. On September 29, 1980, defendant filed a motion for resentencing with the trial court alleging the trial judge had considered previous felony convictions of defendant at which defendant was not represented by counsel. The trial judge acknowledged that he was in error at the time of sentencing by considering a previous conviction on the defendant's record

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

although defendant was not represented by counsel in the previous conviction. The motion was granted, and on December 11, 1980, defendant was resentenced. The new sentence announced by the court was for a term of imprisonment of from 10 to 20 years, with credit for the time already served. Later that day, the judge notified the parties to reappear the following day.

On December 12, 1980, the trial court informed the parties that he had decided at the time of the previous day's sentencing to impose a sentence of from 20 to 40 years but that in actually pronouncing the sentence he misspoke himself and stated the sentence incorrectly. Defendant appeals by right from the sentencing of December 12, 1980.

*"The Court:* Mr. Dotson, you are here, not at the motion of the prosecutor or of your attorney, but on my motion to correct a misstatement which I made in sentencing you yesterday.

"During our discussion in chambers, it was directed at reducing your sentence from life to a maximum of 40 years and a minimum of 20 years. I did this with the idea in mind that the minimum of 20 years would make you eligible for parole in the area of somewhere in 10 years. But when I got in the courtroom, I misspoke myself. I sentenced you to a maximum of 20 years and a minimum of 10 years, and I'm here to correct that statement.

"Now I'll listen to anything your attorney may want to say on your behalf.

"Mr. Stiles?"

Under the facts of the instant case, the interests of justice will not be thwarted by allowing the trial judge to correct a mistake, honestly made, in pronouncing sentence.

The United States Supreme Court has recognized that the constitution does not require that

sentencing should be a "game" in which a wrong move by the judge means immunity for the prisoner. *Bozza v United States,* 330 US 160; 67 S Ct 645; 91 L Ed 818 (1947). That Court has also held that a criminal sentence, once pronounced, is not to be accorded constitutional finality and conclusiveness similar to that which attaches to a jury's verdict of acquittal. *United States v DiFrancesco,* 449 US 117, 136; 101 S Ct 426; 66 L Ed 2d 328 (1980). Thus, a federal statute granting the prosecutor the right to appeal a defendant's conviction based upon its determination that the defendant was a dangerous special offender was not violative of the constitution's Double Jeopardy Clause. There appears to be no constitutional prohibition to the action taken by the trial judge in the instant case.

There is also no statutory prohibition to the actions taken by the trial judge herein. In the absence of any constitutional or statutory prohibition, the case law must be examined.

As a general rule of law, once a sentence has been imposed and the defendant placed in the custody of the proper authorities, the court loses its power to resentence that individual. *People v Meservey,* 76 Mich 223; 42 NW 1133 (1889), *In re Richards,* 150 Mich 421; 114 NW 348 (1907). The action taken by the trial judge herein did not constitute a resentence. The judge did not call defendant to his courtroom to impose a new and different sentence based upon events transpiring subsequent to the original pronouncement. *Meservey, supra.* His actions merely reflect a recognition on his part that he had misspoken himself and an attempt to impose a sentence which was at all times the sentence intended.[1]

---

[1] It also must be recognized that exceptions to the general rule of

The trial judge made an honest mistake in his pronouncement of sentence. The judge was, as is each one of us, only human and, thus, capable of such a mistake. We do not overlook the possibility for abuse, if the trial court is given the power to change a sentence simply upon its statement that the sentence as pronounced was not the sentence intended. However, based on the specific procedures followed by the trial judge herein, we do not believe that such a potential for abuse is present in the instant case.

The record reflects that a discussion was held in chambers between the judge and counsel for both parties on the day defendant was sentenced. Defendant's counsel was also present at the time sentence was pronounced and on the following day when the judge corrected his earlier misstatement. The judge stated that he had indicated his intent during the in-chambers discussion to impose a prison term of from 20 to 40 years. At no time, either before the trial judge or now on appeal, did counsel indicate or even imply that the trial judge incorrectly related the substance of that discussion or that the 20- to 40-year term was not, in fact, the intended sentence.

Defendant was convicted properly in 1973 of second-degree murder and sentenced to life imprisonment. After his resentencing, he remained in prison. The judge recognized his misstatement on

law precluding resentencing have arisen. A judge may resentence an individual if that initial sentence does not comply with that provided by statute for the offense of which the defendant was convicted. *In re Allison,* 322 Mich 491; 33 NW2d 917 (1948), *In re O'Dell v Bannan,* 365 Mich 429; 113 NW2d 220 (1962). A judge may also resentence a defendant if the initial sentence was based upon inaccurate information in the presentence report. *Cf. People v McIntosh,* 62 Mich App 422; 234 NW2d 157 (1975). We believe that these exceptions have arisen to ensure that a sentence will comply with the statutory requirements and that it will reflect what the judge determines to be fair and just in light of all the circumstances of the case.

the same day and called all parties to his courtroom on the following day to correct his mistake. Under these circumstances, we do not believe this defendant reasonably can argue that he changed his position in reliance upon the earlier pronouncement and thereby is prejudiced by the correction. In the absence of any constitutional or statutory prohibition to the judge's actions and in the absence of any prejudice resulting from the judge's actions, any error which may have occurred is harmless and does not require reversal. GCR 1963, 529.1.

The record sufficiently demonstrates that the trial judge simply made an honest mistake in pronouncing sentence and that the sentence subsequently pronounced merely corrected that misstatement. The record also sufficiently demonstrates that the 20- to 40-year sentence was that which the trial judge, at all times, considered to be a fair and just term of imprisonment and which he intended to impose.

Affirmed.

D. C. RILEY, P.J. *(dissenting).* I respectfully dissent. I am convinced that the trial judge in fact did make an honest mistake, and I accept as truth the explanation given by the judge. I find, however, that as a matter of policy I am reluctant to accept this type of correction because it would open the door to possible abuse in future cases and would undermine the finality of sentencing.

Accordingly, I would reverse the resentencing of from 20 to 40 years and reinstate the 10- to 20-year sentence.