## PEOPLE v THOMAS

Docket No. 98367. Decided October 19, 1994. On application by the defendant for leave to appeal, the Supreme Court, in lieu of granting leave, reversed in part the judgments of the Court of Appeals and the Recorder's Court for the City of Detroit and remanded the case to the Recorder's Court for further proceedings. Rehearing denied *post,* 1216.

Gerry Thomas was convicted by a jury in the Recorder's Court for the City of Detroit, Beverley Anne Jasper, J., of first-degree criminal sexual conduct, armed robbery, and assault with intent to murder, and pleaded guilty of being an habitual offender, fourth offense. He was sentenced to 60 to 75 years in prison. Several months later, he moved to set aside the sentence on the ground that it violated the rule of *People v Tanner,* 387 Mich 683 (1972), that a minimum sentence may not exceed two-thirds of the maximum. Following a hearing, the trial court changed the sentence to 60 to 90 years. The Court of Appeals, CAVANAGH, P.J., and NEFF and JANSEN, JJ., affirmed in an unpublished opinion per curiam (Docket No. 139440). The defendant seeks leave to appeal.

In an opinion per curiam, signed by Chief Justice CAVANAGH, and Justices LEVIN, BRICKLEY, RILEY, GRIFFIN, and MALLETT, the Supreme Court *held:*

A sentence that violates the two-thirds rule of *Tanner* is properly corrected through a reduction of the minimum sentence.

1. Any sentence that provides for a minimum term exceeding two-thirds of the maximum is improper as failing to comply with the indeterminate sentence act. This rule applies to a person sentenced as an habitual offender. Where a court imposes a sentence that is partially invalid, the sentence is not to be wholly reversed and annulled, but rather is to be set aside only in respect to the unlawful excess.

2. In this case, there was no legal flaw in the 75-year maximum sentence originally imposed. The only aspect of the sentence that was unlawfully excessive was the final ten years

of the 60-year minimum term. Only to that extent was the original sentence invalid, and subject to correction.

Justice BOYLE concurred only in the result.

Reversed in part and remanded.

Gerry Thomas in propria persona.

PER CURIAM. In this case, the defendant received a sentence that violated the two-thirds rule of *Tanner.* The question on appeal is whether the court may correct the error by raising the previously imposed maximum sentence. We hold that such an error is properly corrected through a reduction of the minimum, and we therefore order the trial court to proceed in that fashion.

I

In November 1987, the defendant committed a brutal rape and robbery, stabbing his victim when she resisted. Following a jury trial, he was convicted of first-degree criminal sexual conduct,[1] armed robbery,[2] and assault with intent to murder.[3] After the jury returned its verdict, the defendant pleaded guilty of being an habitual offender (fourth offense).[4]

At sentencing, the trial court imposed concurrent terms of from 40 to 60 years in prison for the three underlying offenses. Those sentences were then vacated, and the defendant was ordered to serve between 60 and 75 years in prison.

Several months later, the defendant moved to set aside the sentence on the ground that the 60- to 75-year sentence violated the two-thirds rule of *People v Tanner,* 387 Mich 683; 199 NW2d 202

[1] MCL 750.520b(1)(e); MSA 28.788(2)(1)(e).

[2] MCL 750.529; MSA 28.797.

[3] MCL 750.83; MSA 28.278.

[4] MCL 769.12; MSA 28.1084.

(1972).[5] Following a hearing, the trial court changed the sentence to a term of from 60 to 90 years.

The Court of Appeals affirmed.[6]

The defendant has applied to this Court for leave to appeal.

## II

In *Tanner,* this Court held that "any sentence which provides for a minimum exceeding two-thirds of the maximum is improper as failing to comply with the indeterminate sentence act." *Id.* at 690. As noted above, this rule applies to a person sentenced as an habitual offender. *People v Wright,* 432 Mich 84; 437 NW2d 603 (1989).

The question in the present case concerns the appropriate remedy for a violation of the *Tanner* rule. The answer lies in cases such as *Wright,* in which the defendant was convicted of first-degree criminal sexual conduct and of being an habitual offender. The trial court sentenced him to a term of from 28 to 30 years in prison. The Court of Appeals identified the *Tanner* error and reduced the minimum sentence to 20 years—it did not attempt to achieve the two-thirds relationship by raising the maximum sentence to 42 years. This Court affirmed.

In the years since *Tanner* was decided, there have been approximately sixty cases in which this Court or the Court of Appeals has corrected a *Tanner* error. In every reported instance, the appellate court has directed that the minimum sentence be reduced to two-thirds the maximum sentence. Neither our research nor that of the pros-

---

[5] The rule of *Tanner* applies to a person sentenced as an habitual offender. *People v Wright,* 432 Mich 84; 437 NW2d 603 (1989).

[6] Unpublished opinion per curiam, issued October 27, 1993 (Docket No. 139440).

ecutor[7] reveals an instance in which the appellate court attempted to satisfy *Tanner* by raising the maximum sentence.[8]

In her decision to adjust the 60- to 75-year sentence to a 60- to 90-year sentence (rather than to a 50- to 75-year term), the trial judge explained that her original intention had been that the defendant would be incarcerated for not less than 60 years. Since the trial judge pronounced the sentence almost two years after *Wright* was decided, we assume that her decision to impose a 75-year maximum term, rather than a term of at least 90 years, was inadvertent. However, it is clear that an inadvertently stated sentence cannot be set aside merely on the ground that the court misspoke. *People v Dotson,* 417 Mich 940; 331 NW2d 477 (1983), rev'g 112 Mich App 589; 316 NW2d 268 (1982).[9]

Where a court imposes a sentence that is partially invalid, the Legislature has provided that the sentence is not to be "wholly reversed and annulled," but rather is to be set aside only "in respect to the unlawful excess." MCL 769.24; MSA 28.1094. The rule that a sentencing court may not later modify a valid sentence has been restated by this Court in MCR 6.429(A) and in *In re Dana Jenkins,* 438 Mich 364; 475 NW2d 279 (1991).

Here, there was no legal flaw in the 75-year maximum sentence originally imposed by the court. The only aspect of the sentence that was

[7] The prosecutor has not responded to the defendant's application for leave to appeal to this Court. We have examined the prosecutor's brief in the Court of Appeals.

[8] Obviously, if the remedy for a *Tanner* error were to raise the maximum sentence, then, in effect, there would be no remedy at all. The only "relief" available to a defendant who was sentenced to a minimum term almost as long as the maximum term would be an increase in the maximum term of incarceration.

[9] *Dotson* was cited approvingly in *In re Dana Jenkins,* 438 Mich 364; 475 NW2d 279 (1991).

unlawfully excessive was the final ten years of the
60-year minimum term. Only to that extent was
the original sentence invalid, and subject to correc-
tion.

For these reasons, and in accord with the long-
standing practice of both the Court of Appeals and
the Supreme Court in dealing with *Tanner* cases,
we reverse in part the judgments of the Court of
Appeals and the Recorder's Court for the City of
Detroit, and we remand this case to the Recorder's
Court for imposition of a 50-year minimum term of
imprisonment and a 75-year maximum term of
imprisonment. In all other respects, the judgment
of the Court of Appeals is affirmed. MCR 7.302(F)(1).

CAVANAGH, C.J., and LEVIN, BRICKLEY, RILEY,
GRIFFIN, and MALLETT, JJ., concurred.

BOYLE, J., concurred only in the result.