# Order

Michigan Supreme Court
Lansing, Michigan

June 1, 2007

132659

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
          Plaintiff-Appellee,

v

JOHN HARRY GETSCHER,
          Defendant-Appellant.

SC: 132659
COA: 262113
Oakland CC: 2003-189544-FC

_____/

On order of the Court, the application for leave to appeal the October 17, 2006 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

CAVANAGH and KELLY, JJ., would grant leave to appeal.

MARKMAN, J., dissents and states as follows:

I would grant leave to appeal. Defendant was convicted of one count of first-degree criminal sexual conduct and five counts of second-degree criminal sexual conduct. Although the sentencing guidelines with regard to the second-degree CSC convictions called for a minimum sentence range of 36 to 71 months of imprisonment, the trial court sentenced defendant to a minimum of 120 months without providing any reason for its departure from the guidelines. These sentences were to run concurrently with defendant's 180-month minimum sentence for the first-degree CSC conviction. The Court of Appeals affirmed.

Before January 9, 2007, MCL 777.21(2) stated, "If the defendant was convicted of multiple offenses, subject to section 14 of chapter IX, score each offense as provided in this part." The reference to section 14 of chapter IX (MCL 769.14) appears to have been a mistake because it has nothing to do with the guidelines. However, effective January 9, 2007, MCL 777.21(2) states, "If the defendant was convicted of multiple offenses, subject to section 14 of chapter XI, score each offense as provided in this part." Section 14 of chapter XI (MCL 771.14[2][e]) requires the probation department to score only the

highest crime class offense when concurrent sentences are imposed. Therefore, the prosecutor argues that when concurrent sentences are imposed, the trial court only has to score the highest crime class offense.

In *People v Mack*, 265 Mich App 122 (2005), the Court of Appeals, in agreement with the prosecutor, held that with regard to multiple concurrent convictions, the sentencing guidelines only apply to the highest crime class felony conviction. However, in *People v Johnigan*, 265 Mich App 463, 472 (2005), the Court of Appeals stated that "while the *probation department* need only score the guidelines for the highest crime, the *sentencing court* must score the guidelines for the remaining crimes as well." (Emphasis added.) Both *Mack* and *Johnigan* were decided before MCL 777.21(2) was amended.

MCL 769.34(2) states, "the minimum sentence imposed by a court of this state for a felony . . . committed on or after January 1, 1999 shall be within the appropriate sentence range" unless the court departs pursuant to subsection (3). MCL 769.34(3) states, "A court may depart from the appropriate sentence range . . . if the court has a substantial and compelling reason for that departure and states on the record the reasons for departure." Defendant argues that even if the probation department only has to score the guidelines for the highest felony, the sentencing court must score the guidelines for all felonies. He further argues that because the trial court sentenced him outside the guidelines without articulating a substantial and compelling reason, we should remand for resentencing.

I would grant leave to appeal to determine whether the trial court is obligated under the statutory sentencing guidelines to score all felonies or only the highest class felony.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

June 1, 2007

*Corbin R. Davis*
Clerk