# Order

**Michigan Supreme Court**
**Lansing, Michigan**

June 27, 2008

135940

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

CHARLIE LEE FLOYD,
      Defendant-Appellant.

_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 135940
COA: 272425
Macomb CC: 2005-001604-FC

On order of the Court, the application for leave to appeal the January 15, 2008 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we REVERSE in part the judgment of the Court of Appeals, we VACATE the sentence of the Macomb Circuit Court, and we REMAND this case to the trial court for resentencing. The 62-year minimum sentences imposed for first-degree criminal sexual conduct, second-degree criminal sexual conduct, breaking and entering a building with intent to commit larceny, first-degree home invasion, assault with intent to do great bodily harm, and kidnapping exceed two-thirds of the 80-year maximum sentences imposed, in violation of MCL 769.34(2)(b) and *People v Tanner*, 387 Mich 683 (1972). On remand, the trial court shall resentence the defendant on these counts in accordance with *People v Thomas*, 447 Mich 390 (1994), which provides that the proper remedy for a *Tanner* violation is a reduction in the minimum sentence. The trial court shall also resentence the defendant as ordered by the Court of Appeals. In all other respects, leave to appeal is DENIED, because we are not persuaded that the remaining questions presented should be reviewed by this Court.

We do not retain jurisdiction.

MARKMAN, J., concurs and states as follows:

Although I continue to believe that defendant, in asserting that all of his offenses must be scored under the sentencing guidelines, not simply the most serious one, raises an issue that deserves consideration by this Court, see *People v Getscher*, 478 Mich 887, 888 (Markman, J., dissenting), it is apparent that the majority of this Court believes otherwise. Thus, I concur in its decision to remand only on the violation of MCL 769.34(2)(b) and *People v Tanner*, 387 Mich 683 (1972).



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

June 27, 2008

_____
Clerk

t0624