# Order

**Michigan Supreme Court**
**Lansing, Michigan**

April 17, 2009

136579

PEOPLE OF THE STATE OF MICHIGAN,
        Plaintiff-Appellee,

v

KING GROSS,
        Defendant-Appellant.

_____/

Marilyn Kelly,
*Chief Justice*

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
*Justices*

SC: 136579
COA: 277319
Oakland CC: 94-133228-FH

On order of the Court, the application for leave to appeal the May 1, 2008 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals, VACATE the sentences imposed by the Oakland Circuit Court, and REMAND this case to the trial court for resentencing on the maximum terms of the defendant's sentences only. MCL 769.24; *People v Thomas*, 447 Mich 390 (1994). The sentencing judge erroneously stated that he did not have authority to reduce the maximum sentence below the statutory maximum. Generally that is true. MCL 769.8(1). Here, however, the defendant's crimes were all "major controlled substance offense[s]." MCL 761.2. For such offenses, the judge has discretion to fix both the minimum and maximum terms within the limits set by statute. MCL 769.9(3); *People v Wright*, 432 Mich 84, 98-99 (1989); *People v Perez*, 417 Mich 1100.21 (1983). Accordingly, on remand, the court is not required to reduce the defendant's maximum sentences, but may exercise its discretion to do so.

WEAVER, J., dissents from the order remanding this case for resentencing as she is not persuaded that there is any manifest injustice in this case and thus would deny leave to appeal.

CORRIGAN, J. (*dissenting*).

I would deny defendant's application for leave to appeal. I note preliminarily that the Court's order of remand for resentencing is certainly premature. As the order acknowledges, the trial court is not required to reduce defendant's maximum sentences, but may exercise its discretion to do so. Accordingly, at most we should remand for

Judge Michael Warren to decide, at his discretion, whether to resentence defendant, as we have done in other cases. E.g., *People v Yahne*, 477 Mich 998 (2007) (remanding to the circuit court and stating that the court "may, in its discretion, decide whether resentencing is necessary").

In any event, I would not expend the scarce resources of the criminal justice system on this resentencing because defendant was paroled after he filed his application for leave to appeal in this Court. In my view, his current claim is moot precisely because he *is* at liberty while on parole. He is scheduled for discharge from parole on December 2, 2012, long before the expiration of the maximum sentences he now challenges. His paroled sentences will affect his personal liberty only if he reoffends before his discharge and is returned to prison. In that event, he may become liable to serve the remaining portion of the paroled sentences. MCL 768.7a(2). Therefore, I would not grant relief. I would enter an order authorizing defendant to seek resentencing only if he reoffends.

YOUNG, J., joins the statement of CORRIGAN, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

April 17, 2009

Clerk

d0414