# Order

**Michigan Supreme Court**
**Lansing, Michigan**

November 20, 2009

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

137666

PEOPLE OF THE STATE OF MICHIGAN,
         Plaintiff-Appellee,

v

                                                        SC: 137666
                                                        COA: 276816
                                                         Muskegon CC: 06-053122-FC

EARNEST LAMONT WARREN,
         Defendant-Appellant.

_____/

On November 4, 2009, the Court heard oral argument on the application for leave to appeal the September 18, 2008 judgment of the Court of Appeals. On order of the Court, the application is again considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

MARKMAN, J. (*dissenting*).

The issue here is whether the trial court is obligated under the sentencing guidelines to score all felonies or only the highest class felony. Because I believe the trial court is obligated by the plain language of the guidelines to score all felonies, I would reverse the Court of Appeals in part and remand to the trial court for resentencing.

MCL 777.21(2) states, "If the defendant was convicted of multiple offenses, subject to section 14 of chapter XI, score each offense as provided in this part." Section 14 of chapter XI (MCL 771.14[2][e]) requires the probation officer to score only the highest class felony when concurrent sentences are imposed. The prosecutor argues that when concurrent sentences are imposed, the trial court only has to score the highest class felony, while defendant argues that, even if the probation officer only has to score the guidelines for the highest class felony, the court must score the guidelines for all felonies.

While there is room for legitimate puzzlement with regard to why different obligations would obtain for the trial court and the probation officer, MCL 777.21(2) nonetheless is explicit that the trial court must score all felonies. This interpretation is

underscored by other sentencing statutes. MCL 769.34(2) states that "the minimum sentence imposed by a court of this state for a felony . . . committed on or after January 1, 1999 shall be within the appropriate sentence range . . . ," and MCL 769.34(3) states, "A court may depart from the appropriate sentence range . . . [only] if the court has a substantial and compelling reason for that departure and states on the record the reasons for departure." In order for the trial court to know whether it is sentencing "within the appropriate sentence range," it must obviously score an offense in the first place. Moreover, there is no apparent reason why a thoroughly comprehensive scheme of sentencing guidelines would arbitrarily except from its coverage certain felonies. That the *probation officer* may have a more limited scoring obligation where concurrent sentences are imposed does little, in my judgment, to overcome the explicit statutory directive that the *trial court* must "score each offense."

As a result of the majority position, a trial court is now empowered to sentence a defendant on the lower class felony to a term that may exceed the guidelines — even the guidelines that are applicable to the highest class felony — without having to articulate any "substantial and compelling" reason for what would otherwise be a clear upward departure. It is inconceivable to me that the drafters of the guidelines could have contemplated that their rules be so easily circumvented, and for no apparent good reason. I respectfully dissent.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

November 20, 2009

Clerk