# Order

Michigan Supreme Court
Lansing, Michigan

April 4, 2014

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano,
Justices

147544

PEOPLE OF THE STATE OF MICHIGAN,
       Plaintiff-Appellee,

v                                                          SC: 147544
                                                           COA: 308503
                                                           Kent CC: 09-001404-FC
KEITH ALAN STONE,
       Defendant-Appellant.
_____/

On order of the Court, the application for leave to appeal the July 3, 2013 order of the Court of Appeals is considered, and it is DENIED, because the defendant has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D).

MARKMAN, J. (*dissenting*).

Defendant pleaded guilty to single counts of carjacking, unarmed robbery, and resisting and obstructing and the trial court calculated defendant's recommended minimum sentence range under the sentencing guidelines for only the felony with the highest offense class, the carjacking. I write to restate the concerns I raised in *People v Getscher*, 478 Mich 887, 888 (2007) (MARKMAN, J., dissenting), and *People v Warren*, 485 Mich 970, 970-971 (2009) (MARKMAN, J., dissenting), regarding this practice of courts calculating the guidelines only for the highest class felony when imposing concurrent sentences for multiple felonies of differing classes.

MCL 771.14(2)(e)(*iii*) has served as the basis for this practice, permitting the probation officer, when preparing the presentence report, to only include a "computation that determines the recommended minimum sentence range for the crime having the highest crime class." However, MCL 777.21(2) places a different responsibility on courts themselves in this process, stating:

> If the defendant was convicted of multiple offenses, subject to [MCL 771.14], *score each offense* as provided in this part. [Emphasis added.]

This obligation to "score each offense" is underscored when one looks at other provisions of Michigan's sentencing guidelines. For instance, MCL 769.34(2) states that "the minimum sentence imposed by a court of this state for a felony . . . committed on or after January 1, 1999 shall be within the appropriate sentence range," and MCL 769.34(3) states, "A court may depart from the appropriate sentence range . . . [only] if the court has a substantial and compelling reason for that departure and states on the record the reasons for departure." Obviously, a court can only know whether a sentence is "within the appropriate sentence range" of the guidelines if it first calculates the guidelines for an offense. The fact that the probation officer is not required to perform a calculation for each offense in no way relieves the court of its statutory responsibility to perform such a calculation.

As a result of courts scoring only the highest class felony and imposing sentences for lower class felonies on the basis of the guidelines range for the highest class felony, courts in an unknown number of cases are sentencing defendants to terms in excess of the guidelines recommendation without being required to set forth "substantial and compelling reasons" for the departure. In the instant case, the current practice resulted in defendant's being sentenced to 20 to 50 years for an unarmed robbery although the highest guidelines range for a minimum sentence for a person sentenced as a fourth-offense habitual offender for this offense is $5\frac{1}{6}$ to 19 years.

I would grant leave to appeal with respect to whether a court is or is not obligated to score *all* felonies and sentence a defendant accordingly.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

April 4, 2014



Clerk

s0401