*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

MARCUS LEE BARBER,

        Defendant-Appellant.

UNPUBLISHED
June 29, 2023

No. 359802
Berrien Circuit Court
LC No. 2020-001496-FC

Before: GLEICHER, C.J., and RICK and MALDONADO, JJ.

PER CURIAM.

Defendant appeals by right his concurrent sentence to 162 to 270 months' imprisonment for two counts of third-degree criminal sexual conduct (CSC-III), MCL 750.520d (multiple variables). We vacate defendant's sentence and remand for resentencing.

## I. FACTUAL BACKGROUND

This case arises out of a sexual assault that resulted in a pregnancy. Defendant was a friend of AV's family, and he was the father of AV's cousin's child. When AV was ten years old, defendant, who was in his mid-30s, began sexually abusing her. The first incident occurred at the apartment defendant shared with AV's cousin in Benton Harbor. AV was watching a movie with defendant when he began rubbing her genitals. This escalated to penile penetration of her vagina, and he then took her to the kitchen where he continued to engage in intercourse with her on the counter. AV pushed defendant off of her, and then defendant took her to a hallway and continued there.

AV moved to Kalamazoo with her mother for a couple of years and then moved back to Benton Harbor and lived with defendant, her cousin, and her cousin's children. At this point, the sexual abuse resumed, and when AV was asked how many times defendant engaged in sexual intercourse with her, she said, "Too many to count." AV realized she was pregnant shortly after her 15th birthday, and defendant insisted that the child was not his because he "pulled out." However, AV testified that defendant was the only person who could have been the father, and subsequent DNA testing confirmed defendant's paternity. Defendant continued to abuse AV after

she became pregnant, and the last incident of sexual abuse occurred five months into her pregnancy. CPS intervened after AV disclosed her pregnancy to a counselor at her high school.

The jury found defendant guilty of two counts of CSC-III for the conduct that occurred when the victim was between 13 and 15 years old, including her pregnancy and the intercourse during her pregnancy. The jury found defendant not guilty of one count of CSC-I, which was a charge based on alleged penetration that occurred when the victim was 10 years old. The jury was unable to render a verdict on another count of CSC-I that was based on alleged digital penetration that occurred when the victim was 10 years old. This appeal followed.

## II. SENTENCING GUIDELINES

Defendant argues that zero points should have been assessed for OVs 10 and 13. We disagree.

Criminal defendants are entitled to a sentence that is based on accurate information and accurate scoring of the sentencing guidelines. *People v McGraw*, 484 Mich 120, 131; 771 NW2d 655 (2009). The trial court's factual findings are reviewed for clear error and must be supported by a preponderance of the evidence. *People v Sours*, 315 Mich App 346, 348; 890 NW2d 401 (2016). "A sentencing court may consider all record evidence before it when calculating the guidelines, including, but not limited to, the contents of a presentence investigation report, admissions made by a defendant during a plea proceeding, or testimony taken at a preliminary examination or trial." *People v Johnson*, 298 Mich App 128, 131; 826 NW2d 170 (2012) (quotation marks and citation omitted). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Id*. (quotation marks and citation omitted). A defendant is entitled to resentencing if there is a scoring error that alters the defendant's recommended minimum sentence range. *People v Francisco*, 474 Mich 82, 89; 711 NW2d 44 (2006).

### A. OV 10

Defendant argues that the trial court erred by assessing 15 points for OV 10 and that it should have assessed zero points. We disagree.

OV 10 "is exploitation of a vulnerable victim." MCL 777.40. In this case, 15 points were assessed for OV 10. It is appropriate to assess 15 points for OV 10 when "[p]redatory conduct was involved." MCL 777.40(1)(a). "Predatory conduct means preoffense conduct directed at a victim . . . for the primary purpose of victimization." MCL 777.40(3)(a). This term does not refer to "*any* manner of 'preoffense conduct' " because almost all crimes involve some sort of preoffense conduct. *People v Huston*, 489 Mich 451, 462; 802 NW2d 261 (2011). Rather, the term refers to "only those forms of 'preoffense conduct' that are commonly understood as being 'predatory' in nature, e.g., lying in wait and stalking, as opposed to purely opportunistic criminal conduct or preoffense conduct involving nothing more than run-of-the-mill planning to effect a crime or subsequent escape without detection." *Id*. (quotation marks and citation omitted).

In this case, defendant isolated AV to assault her; this supported the court's finding that defendant engaged in predatory conduct. "The timing of an offense, including watching the victim

and waiting until the victim is alone before victimizing him or her, may be evidence of predatory conduct." *People v Kosik*, 303 Mich App 146, 160; 841 NW2d 906 (2013). Defendant only molested AV when he was alone with her at the home, and he would often take her into a bedroom. See *People v Witherspoon*, 257 Mich App 329, 336; 670 NW2d 434 (2003) (affirming finding of predatory conduct when defendant waited until the child victim was alone and assaulted her in the basement). There was also evidence that defendant engaged in grooming behavior to assist him in carrying out the crimes. For example, AV testified that, immediately prior to the first incident, defendant was watching a movie with AV and then had her lay her head down on his lap. The court could reasonably have inferred that defendant was intentionally trying to get AV to put her guard down so that he could victimize her.

Therefore, the court's decision to assess 15 points for OV 10 was supported by the record.

## B. OV 13

Defendant argues that the trial court erred by assessing 25 points for OV 13 and that it should have assessed zero points. We disagree.

OV 13 is "continuing pattern of criminal behavior." MCL 777.43. In this case, 25 points were assessed for OV 13, and it is appropriate to assess 25 points for OV 13 if "[t]he offense was part of a pattern of felonious criminal activity involving 3 or more crimes against a person." MCL 777.43(1)(c). "[A]ll crimes within a 5-year period, including the sentencing offense, shall be counted regardless of whether the offense resulted in a conviction." MCL 777.43(2)(a). AV testified that she was molested by defendant more times than she could count. Therefore, the record supported the trial court's finding that defendant committed three or more crimes against a person.

Defendant was found not guilty of one count of CSC-I, and as defendant noted, the sentencing court cannot consider "acquitted conduct." See *People v Beck*, 504 Mich 605, 629; 939 NW2d 213 (2019). However, it is still permissible for sentencing courts to consider *uncharged* conduct. See *Id.* at 626 ("When a jury has made no findings (as with uncharged conduct, for example), no constitutional impediment prevents a sentencing court from punishing the defendant as if he engaged in that conduct using a preponderance-of-the-evidence standard."). It would be inappropriate for the court to consider the specific incident for which defendant was acquitted, but AV's testimony that she was abused more times than she could count suggests that there were several other incidents that were never charged. Because the court found AV credible and because the lower preponderance of the evidence standard applies, the record supported the court's decision to assess 25 points for OV 13. Therefore, defendant's arguments regarding OV 13 are without merit.

In conclusion, the variables comprising defendant's guidelines range were properly calculated.

## III. DISPROPORTIONATE SENTENCE

Defendant argues that his within-the-guidelines sentence is disproportionate and unreasonable and that MCL 769.34(10) is unconstitutional because it forecloses this Court's

review of the sentence. "According to *People v Lockridge*, 498 Mich 358, 365; 870 NW2d 502 (2015), this Court is required to review for reasonableness only those sentences that depart from the range recommended by the statutory guidelines." *People v Anderson*, 322 Mich App 622, 636; 912 NW2d 607 (2018). Defendant does not dispute that he was sentenced within the guidelines. Therefore, pursuant to *Anderson*, we need not evaluate defendant's sentence for reasonableness. MCL 769.34(10) requires that we affirm a sentence that is within the minimum sentencing guidelines range, and defendant's argument that the statute is unconstitutional because it forecloses our review of a within-guidelines sentence has been repeatedly rejected. See, e.g., *People v Schrauben*, 314 Mich App 181, 196 n 1; 886 NW2d 173 (2016) (observing that "*Lockridge* did not alter or diminish MCL 769.34(10)."). Unless MCL 769.34(10) is amended or deemed unconstitutional by our Supreme Court, we are bound to follow its dictates.

IV. TWO-THIRDS RULE

Defendant argues that his sentence violates the "two-thirds" rule because his minimum sentence is more than two-thirds of his maximum sentence. We disagree.

When imposing an indeterminate sentence, a court may not impose a minimum that exceeds two-thirds of the statutory maximum under the sentencing guidelines. MCL 769.34(2)(b). Any sentence that provides a minimum term exceeding two-thirds of the maximum term fails to comply with the indeterminate sentencing act. *People v Tanner*, 387 Mich 683, 690; 199 NW2d 202 (1972). The proper remedy for violation of the two-thirds rule is to reduce the minimum sentence. *People v Thomas*, 447 Mich 390, 392-394; 523 NW2d 215 (1994). The two-thirds rule applies to sentences imposed under the habitual-offender statute. *Id.* at 392.

Both parties agree that remand was required because the trial court violated the *Tanner* rule when it set defendant's minimum sentence at 162 months and the maximum at 230 months. The trial court did initially impose a sentence of 162 to 230 months' imprisonment; however, both parties have overlooked the fact that a new sentencing hearing was conducted the day after defendant was initially sentenced. The court explained that its "multiplication was not very good." It had intended to impose the statutory maximum of "twenty-two and a half" years; twenty-two and a half years is 270 months. However, a multiplication error resulted in the accidental imposition of a 230-month maximum. Accordingly, the trial court corrected defendant's sentence and imposed a new maximum term of 270 months.

"[I]t is clear that an inadvertently stated sentence cannot be set aside merely on the ground that the court misspoke." *Thomas*, 447 Mich at 393. Regardless of the reasons and whether it happened incidentally, a court cannot sentence a defendant, retract the sentence, and then impose a harsher sentence. See *id.*; see also *People v Miller*, 498 Mich 13, 17-18; 869 NW2d 204 (2015) ("The multiple punishments strand of double jeopardy is designed to ensure that courts confine their sentences to the limits established by the Legislature . . . ." (Quotation marks and citation omitted.)). Therefore, the court's second sentence of 162 to 270 months is invalid. As the parties agree, the initial sentence of 162 to 230 months is likewise invalid because it violates the two-thirds rule. See *Tanner*, 387 Mich at 690.

Therefore, defendant is entitled to resentencing.

## V. CONCLUSION

We affirm the scoring of defendant's sentencing guidelines and reject defendant's contention that his sentence was disproportionate. Nevertheless, we must vacate defendant's sentence and remand this case for resentencing. On remand, the trial court cannot impose a maximum sentence that exceeds 230 months, see *Thomas*, 447 Mich at 392-394, nor a minimum sentence that exceeds 153 months. We do not retain jurisdiction.

/s/ Elizabeth L. Gleicher
/s/ Michelle M. Rick
/s/ Allie Greenleaf Maldonado