*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

CIERRA UNIQUE MOORE,

      Defendant-Appellant.

UNPUBLISHED
February 22, 2024

No. 362994
Kent Circuit Court
LC No. 21-008852-FH

Before: HOOD, P.J., and MURRAY and MALDONADO, JJ.

PER CURIAM.

Defendant appeals as on leave granted[1] her sentence of 40 to 60 months' imprisonment following her guilty plea to first-degree retail fraud, MCL 750.356c. We affirm.

## I. BACKGROUND

Defendant was charged with first-degree retail fraud as a fourth-offense habitual offender, MCL 769.12, after getting caught stealing $267.99 worth of clothing from a Ralph Lauren store. Pursuant to a plea agreement, defendant pleaded guilty to first-degree retail fraud in exchange for the dismissal of the habitual offender notice. At her sentencing hearing, defendant requested that the trial court give her the benefit of the doubt so that she could continue to prove her ability to be a productive citizen in society. Defendant reasoned that she worked a full-time job, took college classes, and attended counseling to address her issues with theft. Defendant also noted that incarceration was not effective in reforming her habits and instead asked the trial court for assistance in finding a better solution to her problems. In response, the trial court stated:

> You're 35 years old. Your record is absolutely atrocious. You are 35 years old, and you have 46 convictions. This will be your 47th. You know, a lot of the things you're saying, if someone had done this first or second or their third time, I would listen to those things and take them to heart, and I hope you mean it. But ma'am,

---

[1] *People v Moore*, 511 Mich 962; 989 NW2d 813 (2023).

your record is terrible. You've been in jail 35 times. That's more than some young attorneys have been in jail visiting their clients. You've been to prison four times. This is your 17th retail fraud. You keep stealing, and you're not very good at it because you keep getting caught.

* * *

Ma'am, I'm aware of the guidelines. I'm aware of *People versus Lockridge*. I'm aware of *People versus Milbourn*. I'm aware that the guidelines are advisory, that I have to impose a sentence that is proportionate. But these guidelines do not take into effect [sic] the fact that you have committed 17 different retail frauds or that you've been in jail 35 times or 11 time on probation.

Defendant's guidelines range was 7 to 23 months, but the trial court believed that the guidelines inadequately accounted for defendant's prior record. Therefore, the trial court sentenced defendant to serve a minimum prison term of 40 months—a 74% increase from the maximum minimum recommended by the guidelines. This appeal followed.

## II. STANDARDS OF REVIEW AND GOVERNING LAW

"A sentence that departs from the applicable guidelines range will be reviewed by an appellate court for reasonableness. Resentencing will be required when a sentence is determined to be unreasonable." *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015) (citation omitted). "[T]he relevant question for appellate courts reviewing a sentence for reasonableness is whether the trial court abused its discretion by violating the principle of proportionality." *People v Dixon-Bey*, 321 Mich App 490, 520; 909 NW2d 458 (2017) (quotation marks and citation omitted). "The trial court's fact-finding at sentencing is reviewed for clear error." *People v Lampe*, 327 Mich App 104, 125-126; 933 NW2d 314 (2019).

"[A] sentence is reasonable . . . if it adheres to the principle of proportionality set forth in *Milbourn*."[2] *People v Walden*, 319 Mich App 344, 351; 901 NW2d 142 (2017), citing *People v Steanhouse*, 313 Mich App 1, 47-48; 880 NW2d 297 (2015), rev'd on other grounds 500 Mich 453 (2017). "[T]he principle of proportionality . . . requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender." *People v Steanhouse*, 500 Mich 453, 460; 902 NW2d 327 (2017) (quotation marks and citation omitted). The sentencing guidelines are no longer mandatory and are now advisory; however, "they remain a highly relevant consideration" and the trial courts must continue to consult them. *Lockridge*, 498 Mich at 391. It is appropriate for trial courts to depart from the sentencing ranges recommended by the guidelines "when, in their judgment, the recommended range under the guidelines is disproportionate, in either direction, to the seriousness of the crime." *Walden*, 319 Mich App at 352 (quotation marks and citation omitted).

To determine if an upward departure is more proportionate than a sentence within the guidelines range, a trial court may consider factors including, but not limited to, "(1) whether the

---

[2] *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990).

guidelines accurately reflect the seriousness of the crime, (2) factors not considered by the guidelines, and (3) factors considered by the guidelines but given inadequate weight." *People v Dixon-Bey*, 321 Mich App at 525 (citations omitted). A trial court may also consider a defendant's "extensive criminal history and tendency to reoffend" when determining whether an upward departure is proper. *People v Odom*, 327 Mich App 297, 318; 933 NW2d 719 (2019).

## III. APPLICATION

Defendant argues that her departure sentence was disproportionate and that it was based on factors already contemplated by the sentencing guidelines. We disagree.

The trial court primarily supported its sentencing determination with defendant's criminal record, noting that the sentencing guidelines did not take into effect the fact that defendant committed 17 different retail frauds, had been to jail 35 times, had been to prison 4 times, and had been on probation 11 times. Moreover, the sentencing offense was committed only 40 days after defendant was discharged from parole. As noted by this Court in *Odom*, 327 Mich App at 318, a departure sentence may be based on a defendant's criminal history and tendency to reoffend, and this case involves a defendant with a proven history of reoffending. Indeed, defendant has been convicted of retail fraud *17 times*, and the sentencing offense was committed 11 days before her 35th birthday. Although defendant indicated that she was aware of her struggles with theft and sought counseling, the trial court was within its right to consider defendant's extensive criminal history during sentencing, including the fact that defendant was known to continuously commit retail fraud.

While the sentencing guidelines did account for defendant's criminal history, the trial court's conclusion that the guidelines did not capture the breadth of defendant's criminal history was reasonable. The trial court assessed 30 points for PRV 2 and 20 points for PRV 5. "Prior record variable 2 is prior low severity felony convictions." MCL 777.52(1). Courts should assess 30 points for PRV 2, which is the maximum allotment allowable for this variable, if the defendant "has 4 or more prior low severity felony convictions." MCL 777.52(1)(a). In this case, defendant has *eight* prior low severity felony convictions, which is *double* the threshold for the maximum assessment. "Prior record variable 5 is prior misdemeanor convictions . . . ." MCL 777.55(1). Courts should assess 20 points for PRV 5, which is the maximum allotment allowable for this variable, if the defendant "has 7 or more prior misdemeanor convictions . . . ." MCL 777.55(1)(a). In this case, defendant has *38 prior misdemeanor convictions*, which is *more than five times* the threshold for the maximum assessment. The guidelines did not even come close to capturing the extent of defendant's predisposition for criminality.

In addition to failing to adequately account for the quantity of defendant's convictions, the guidelines wholly fail to account for the redundant nature of defendant's criminal history. Indeed, this is defendant's *17th retail fraud conviction*. Simply put, defendant cannot keep herself from shoplifting. As this Court has previously explained:

> [S]pecific characteristics of an offense and an offender that strongly presage future criminal acts may justify an upward departure from the recommended sentencing range if they are objective and verifiable, and if they are not already adequately contemplated by the guidelines. Although a trial court's mere opinion or speculation about a defendant's general criminal propensity is not, in itself, an

objective and verifiable factor, objective and verifiable factors underlying that conclusion or judgment are not categorically excluded as proper reasons for an upward departure. These factors include a history of recidivism, and obsessive or uncontrollable urges to commit certain offenses. [*People v Horn*, 279 Mich App 31, 45; 755 NW2d 212 (2008).]

The record provided overwhelming support for a conclusion that defendant has "obsessive or uncontrollable urges to commit" retail fraud. *Id*.

Defendant notes that her sentence was the highest allowable without running afoul of the *Tanner* rule, which provides that an indeterminate sentence cannot have a minimum term that exceeds two-thirds of the maximum term. See *People v Thomas*, 447 Mich 390, 392; 523 NW2d 215 (1994), citing *People v Tanner*, 387 Mich 683; 199 NW2d 202 (1972). Because the maximum prison term allowed for first-degree retail fraud, absent a habitual offender enhancement, is five years,[3] the court could not impose a minimum prison term longer than 40 months. Defendant argues that the court should not have imposed the maximum allowable sentence because retail fraud, according to defendant, "is not a serious offense." The relative severity of retail fraud is irrelevant because the sentence imposed was within the confines crafted by the Legislature specifically for the offense of first-degree retail fraud. Moreover, because the record makes clear that defendant simply cannot stop herself from stealing, the court's decision to incarcerate defendant for the maximum allowable term was reasonable.

Affirmed.

/s/ Noah P. Hood
/s/ Christopher M. Murray
/s/ Allie Greenleaf Maldonado

---

[3] See MCL 750.356c.