*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
May 14, 2026
9:36 AM

Plaintiff-Appellee,

v

No. 374070
Wayne Circuit Court
LC No. 19-002316-01-FC

CHRISTOPHER ANDREW CANALES,

Defendant-Appellant.

Before: BAZZI, P.J., and BOONSTRA and SWARTZLE, JJ.

BOONSTRA, J. (*concurring in part and dissenting in part*).

I concur with the majority regarding the appropriate scoring of Offense Variable (OV) 4 and OV 14. But I am unable to agree that the trial court abused its discretion by failing to exercise its own judgment when resentencing defendant on the torture conviction. Because I would affirm the sentence, I respectfully dissent in part.[1]

## I. ALLEGED FAILURE TO EXERCISE DISCRETION

First, it is not clear to me that the trial court simply deferred to the predecessor judge's sentence on the torture conviction while declining to exercise its own discretion. Although the trial court indicated at times during the resentencing hearing that it was going to "respect" the predecessor judge's sentence (and scoring decisions), I believe that a fair reading of the trial court's comments in their totality properly reflects that the trial court, after considering all of the arguments raised, expressed its agreement with the predecessor judge's sentence (and scoring decisions). But even assuming that the trial court simply deferred to the predecessor judge's sentence, I would find no abuse of discretion because, contrary to the majority's apparent

---

[1] It is clear both from defendant's brief on appeal and from oral argument that defendant's arguments on appeal relate solely to the sentence on defendant's torture conviction. Yet it appears that the majority is vacating all of defendant's sentences and remanding for resentencing generally, despite the limited scope of this appeal. To the extent the majority does so, I again respectfully dissent.

assumption, our prior opinion in this case did not remand the case "in a presentence posture, allowing the trial court to consider every aspect of defendant's sentences de novo." *People v Lampe*, 327 Mich App 104, 112; 933 NW2d 314 (2019) (*Lampe II*).

Although the majority relies on *Lampe II*, it is distinguishable from this case. In *People v Lampe*, unpublished per curiam opinion of the Court of Appeals, issued June 23, 2016 (Docket No. 326660), p 3 (*Lampe I*), the defendant challenged his sentences for multiple criminal sexual conduct convictions on the basis that the trial court improperly scored Prior Record Variable (PRV) 5. This Court held that PRV 5 was improperly scored and "[b]ecause this scoring error altered the appropriate guidelines range, defendant [was] entitled to resentencing." *Id*. at 4. The opinion did not address any other PRV or OV. *Id*. The case was merely "[a]ffirmed as to defendant's convictions, but remanded for further proceedings consistent with this opinion." *Id*. at 10. During the defendant Lampe's resentencing, the trial court reassessed the OVs and imposed an even higher sentence. *Lampe II*, 327 Mich App at 109-111. On Lampe's second appeal, this Court explained that "[b]y ordering 'resentencing' without any specific instructions or any prohibitions on scoring OVs, this Court returned the case to the trial court in a presentence posture, allowing the trial court to consider every aspect of defendant's sentences de novo." *Id*. at 112.

But this Court *did* provide specific instructions when it remanded this case for resentencing. Our prior opinion specifically stated that "remand is appropriate for the task of correcting the PSIR to omit the violent offender provision of the fourth-offense habitual offender statute for all of defendant's felony convictions, except AWIGBH, and to correct the maximum sentence for defendant's felonious assault conviction." *People v Canales*, unpublished per curiam opinion of the Court of Appeals, issued July 22, 2021 (Docket No. 350536) (*Canales I*), p 13. This Court held that the trial court had misinterpreted MCL 769.12(1)(a) (imposing a mandatory minimum sentence of 25 years' imprisonment for violent habitual offenders convicted of an enumerated "serious crime"), *Canales I*, unpub op at 13, and had "proceeded to sentence defendant to 'the minimum of 25 years' for felonious assault, AWIGBH, unlawful imprisonment, and unarmed robbery" even though the mandatory minimum only applied to AWIGBH. *Id*. This Court in *Canales I* therefore only "[r]emanded *to the extent necessary* to correct the PSIR and to resentence defendant under the correct and applicable statutes." *Id*. at 14 (emphasis added). Because this Court in *Canales I* (unlike in *Lampe I*) provided specific instructions to the trial court on remand, *Lampe II*'s predicate for deeming a case remanded "in a presentence posture, allowing the trial court to consider every aspect of defendant's sentences de novo," *Lampe II*, 327 Mich App at 112, is lacking in the matter now before us.

"When an appellate court remands a case with specific instructions, it is improper for a lower court to exceed the scope of the order." *People v Russell*, 297 Mich App 707, 714; 825 NW2d 623 (2012). Furthermore, "[w]here a court imposes a sentence that is partially invalid, the Legislature has provided that the sentence is not to be wholly reversed and annulled, but rather is to be set aside only in respect to the unlawful excess. MCL 769.24." *People v Thomas*, 447 Mich 390, 393; 523 NW2d 215 (1994) (quotation marks omitted). In *Thomas*, the defendant was sentenced to 60 to 75 years' imprisonment. *Id*. at 391. He successfully challenged that sentence

as a violation of the *Tanner* rule,[2] and in response, the trial court resentenced him to 60 to 90 years' imprisonment. *Id*. at 391-392. Our Supreme Court held that the trial court had no authority to correct the maximum sentence, explaining that "there was no legal flaw in the 75-year maximum sentence originally imposed by the court. The only aspect of the sentence that was unlawfully excessive was the final ten years of the 60-year minimum term. Only to that extent was the original sentence invalid, and subject to correction." *Id*. at 393-394.

In this case, our prior opinion in *Canales I* only found error with respect to the torture sentence to the extent that the trial court mistakenly thought that the 25-year (300-month) mandatory minimum sentence applied to all felony convictions, not just AWIGBH. It remanded only "to the extent necessary to correct the PSIR and to resentence defendant under the correct and applicable statutes," *Canales*, unpub op at 14, not for a general resentencing. But the trial court's mistaken impression (about the applicability of the 25-year mandatory minimum sentence) was inconsequential to defendant's sentence on the torture conviction. The sentencing guidelines for defendant's torture conviction provided for a minimum sentence of 270 to 900 months' (or life) imprisonment. See MCL 777.62; MCL 777.21(3)(c). The trial court sentenced defendant to 50 to 75 years' imprisonment (600 to 900 months) for that conviction, which was well within the applicable sentencing guidelines. And as the majority explains, although the predecessor judge's assessment of OV 4 was erroneous, that error also did not affect the sentencing guidelines for the torture conviction, and therefore did not require resentencing. See *People v Francisco*, 474 Mich 82, 91-92; 711 NW2d 44 (2006). The predecessor judge sentenced defendant within the applicable guidelines regardless of any mistaken assumption about mandatory minimum sentences. And as explained in the next section of this opinion, the sentence imposed was not disproportionate to the offense. Therefore, aside from correcting the PSIR as this Court ordered in *Canales I*, the torture sentence remained valid. Given this Court's specific instruction to the trial court on remand, it had no available option other than to respect the predecessor judge's sentence on the torture conviction. See MCR 6.429(A) ("The court may not modify a valid sentence after it has been imposed except as provided by law."). In other words, the trial court did not fail to exercise its discretion because it had no discretion to exercise in the first place.[3]

---

[2] *People v Tanner*, 387 Mich 683, 690; 199 NW2d 202 (1972) ("[A]ny sentence which provides for a minimum exceeding two-thirds of the maximum is improper as failing to comply with the indeterminate sentence act.").

[3] Defendant also argues that the trial court failed to articulate the reasons for its sentence. "The articulation requirement is satisfied if the trial court expressly relies on the sentencing guidelines in imposing the sentence or if it is clear from the context of the remarks preceding the sentence that the trial court relied on the sentencing guidelines." *People v Conley*, 270 Mich App 301, 313; 715 NW2d 377 (2006). During the initial sentencing, the trial court told the parties, "let's deal with the sentencing information report, the guidelines." After addressing concerns with the PRV and OV scoring, it specifically confirmed the total OV score, the guidelines range for the torture conviction, and defendant's habitual-offender status. It was abundantly clear from the context of the proceeding that the trial court heavily relied on the sentencing guidelines when imposing the torture sentence, so further articulation of its reasoning was unnecessary.

## II. PROPORTIONALITY

Defendant also argues that his sentence for the torture conviction was disproportionate, despite falling within the sentencing guidelines. The majority does not reach this issue, but I will address it to further demonstrate that the sentence was not unlawfully excessive, such that the trial court again could not have deviated from the predecessor judge's valid sentence.

A trial court must take the defendant's sentencing guidelines into account when considering an appropriate sentence. *People v Steanhouse*, 500 Mich 453, 475; 902 NW2d 327 (2017). But the guidelines are only advisory—the trial court may deviate from the guidelines if the circumstances justify a harsher or more lenient sentence. *People v Lockridge*, 498 Mich 358, 399; 870 NW2d 502 (2015). The proportionality of a sentence "must be measured according to the offense and the offender, not according to the sentence's relationship to the guidelines." *People v Posey*, 512 Mich 317, 356; 1 NW3d 101 (2023) (opinion by BOLDEN, J.). But the guidelines are still highly indicative of a reasonable sentence—a sentence within the guidelines is presumed proportionate, and the defendant bears the burden of proving otherwise. *Id*. at 359. "In order to overcome the presumption that the sentence is proportionate, a defendant must present unusual circumstances that would render the presumptively proportionate sentence disproportionate." *People v Bowling*, 299 Mich App 552, 558; 830 NW2d 800 (2013) (quotation marks and citation omitted).

When reviewing a within-guidelines sentence for proportionality, we may consider any relevant factor, including but not limited to the following:

> (1) the seriousness of the offense; (2) factors that were inadequately considered by the guidelines; and (3) factors not considered by the guidelines, such as the relationship between the victim and the aggressor, the defendant's misconduct while in custody, the defendant's expressions of remorse, and the defendant's potential for rehabilitation. [*People v Ventour*, 349 Mich App 417, 430; 27 NW3d 660 (2023) (quotation marks and citation omitted).]

Adjusting to correct the trial court's error in scoring OV 4 does not change defendant's guidelines range for the minimum sentence of the torture conviction: 270 to 900 months' or life imprisonment. See MCL 777.62; MCL 777.21(3)(c). The trial court sentenced defendant to a minimum term of 50 to 75 years' imprisonment (600 to 900 months) for that conviction, which was within the guidelines. Accordingly, defendant must overcome the presumption that his sentence was proportionate. See *Posey*, 512 Mich at 359.

But defendant has not presented any unusual circumstances that would rebut that presumption. The victim's torturing was especially brutal. The victim testified that defendant and his friend (later a codefendant) approached him to collect the $20 that he owed to another person. When the victim said that he did not have any money, they dragged him into a nearby apartment building, where they beat him and removed his clothes. Defendant escalated the violence when he picked up a stick and beat the victim so hard that the stick broke. Defendant also lit the victim's face on fire and forced him under hot water. Defendant acknowledges the severity of the offense, but he does not articulate how the sentencing guidelines failed to adequately assess an appropriate

sentence. During his initial sentencing, defendant raised factors not considered by the guidelines, including that defendant was remorseful, that the victim's injuries appeared fully healed at the time of the trial and were not permanent or extensive, that defendant was on parole and would already be serving a sentence for an unrelated offense, and that defendant allegedly never received some photographs of the victim's injuries that were introduced at trial. None of these circumstances is sufficiently unusual to render the within-guidelines sentence disproportionate, especially when the minimum sentence was just barely past the middle of the guidelines.[4]

### III. CONCLUSION

I agree with the majority regarding the appropriate scoring of OV 4 and OV 14. But because our prior opinion in this case provided specific instructions to the trial court on remand, the trial court was not required (or allowed) to sentence defendant de novo on all convictions and did not abuse its discretion even if it simply deferred to the predecessor judge's sentencing decisions. And because the sentence on defendant's torture conviction was not disproportionate, there was no basis for correcting it on remand. Even if the trial court deferred to the previously imposed, valid sentence, that was the *only* principled outcome given the posture of this case, and there consequently was no abuse of discretion. For these reasons, I would affirm the sentence on defendant's torture conviction.

/s/ Mark T. Boonstra

---

[4] Notably, defense counsel requested during the resentencing hearing that defendant be resentenced "towards the middle of the guidelines" on all convictions except AWIGBH. The trial court's sentence substantially aligned with that request.

-5-